# EXHIBIT  A

02232007CM_VeecoInstruments

1

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ---------------------------------x

3   IN RE:  VEECO INSTRUMENTS, INC
    SECURITIES LITIGATION,
4
                            05 MD 1695
5
    ---------------------------------x
6
                            United States Courthouse
7                           White Plains, New York

8                           February 23, 2007

9
    B e f o r e:
10
                        HON. COLLEEN MCMAHON,
11                              District Court Judge
                                and
12                      HON. GEORGE A. YANTHIS,
                                United States Magistrate Judge
13

14  A P P E A R A N C E S:

15
    ROBERT I. HARWOOD, Esq.
16  JENNIFER HIRSH, Esq.
            Attorneys for August Schupp III
17
    JAMIE R. MOGIL, Esq.
18          Attorney for Daniel Altman

19  CAROLE BRODERICK, Esq.
    JEFF OSTERWISE, Esq.
20          Attorneys for Steelworkers Pension Trust

21  ROBERT F. SERIO, Esq.
    ROSS WALLIN, Esq.
22          Attorneys for All Defendants

23

24  ANGELA A. O'DONNELL, RPR.

25  Official Court Reporter
```

2

```
1              P R O C E E D I N G S

2          THE CLERK:  In Re:  Veeco Securities Litigation.
                            Page 1
```

02232007CM_VeecoInstruments

3       Counsel, please state your appearances.

4       MS. BRODERICK:  Carol Broderick, your Honor.

5       MR. HARWOOD:  Good morning, your Honor, Robert

6   Harwood for derivative plaintiffs.

7       MR. SERIO:  Good morning, your Honor.  Robert

8   Serio for all defendant.  With me is Ross Wallin, also from

9   Gibson Dunn.

10       JUDGE MCMAHON:  Okay.  Have a seat.

11       This en banc session, as we call it.  The In Re:

12   Veeco Instruments, Inc., Securities Litigation is occasioned

13   by a flurry of letters, applications to Judge Yanthis, who

14   has done a herculean job in supervising you so far, and

15   really so that we can get this thing reigned in and ready

16   for a July 9 trial for anybody who is in this district and

17   isn't going to get remanded to some other district.

18       So, let's start with the outstanding motions.

19   There are three of them.  Judge Yanthis is going to rule on

20   the motion to amend the complaint, and let me get out of his

21   way.

22       JUDGE YANTHIS:  All right.  I have reviewed the

23   papers on the motion to file a second amended complaint to

24   allege the grant and receipt of backdated stock options.

25   The motion is denied.  The court finds that it's not

3

1   sufficiently related to the main allegations that are in the

2   current amended complaint, it's essentially a whole new

3   case.  If derivative plaintiffs see fit to file a new suit,

4   that is the route it will have to go.

5       So that is denied.

6       JUDGE MCMAHON:  And let me tell you all, in case

02232007CM_VeecoInstruments

7   anybody has any delusions about appealing, that is exactly
8   the ruling I would have made on the motion.

9           Second motion that is pending and became fully
10  briefed is actually an objection by the plaintiff asking me
11  to vacate and reverse certain portions of the discovery
12  order of Magistrate Judge George A. Yanthis, dated
13  January 26, 2007.  That motion is denied.  After review of
14  the order and taking a look at the papers filed in support,
15  I do not believe that the magistrate clearly erred in any
16  aspect of his ruling and, accordingly, the plaintiffs are
17  directed to respond to all interrogatories as suggested by
18  the magistrate, not suggested, ordered by the magistrate and
19  the plaintiffs are advised that they have the names, or the
20  defendants are advised that they have the names of C1, C2,
21  C3, the fact that they don't know that they are C1, C2 and
22  C3 is completely and totally irrelevant.  Okay.  So that
23  order is upheld.

24          Continuing the party, Gibson Dunn filed a motion
25  on Wednesday to which I believe, I don't know if it's

                                                          4


1   Ms. Broderick or Mr. Harwood that's going to be responding.
2           MR. SERIO:  No, your Honor, we didn't file any
3   motions or any appeals.  We just object -- responded to
4   plaintiff's objection on the privilege motion, that was the
5   other pending motion.  Plaintiff's appeal.

6           JUDGE MCMAHON:  I'm sorry, it's plaintiff's
7   privilege motion.  I apologize.  I just got those papers.  I
8   just got the other papers, too, but the other papers were
9   easy enough to review.  I just got those papers.  I'm not
10  prepared to rule on that.  I will rule on that next week.

11          JUDGE YANTHIS:  There was an application by the
                           Page 3

02232007CM_VeecoInstruments

12    derivative plaintiffs to take 10 depositions in the case.  I
13    have reviewed all those papers.  I do conclude that
14    derivative plaintiffs are entitled to take 10 depositions.
15    Use your judgment, but you are entitled to 10 depositions.
16        MR. HARWOOD:   Thank you, your Honor.
17        JUDGE MCMAHON:   I started this morning's
18    proceedings by telling you that anybody who's not going to
19    be remanded to another district is going to trial on the 9th
20    of July.  So we're working backwards from there.  That date
21    is fixed, it is firm, it is immutable, I don't care if you
22    have vacations.  That's the first time I ever said that.  I
23    never thought I would say that.  The behavior in this case
24    is such that I simply have to reign this thing in.  It's a
25    two-year-old case.  It's an '05 case.  So let's work

                                                          5

1    backward from there.  We need a discovery deadline, a
2    discovery deadline that is fixed, that is firm, that
3    includes expert discovery and that discovery deadline is
4    May 11.  If the plaintiffs have a damages expert, they need
5    to designate that expert and get a report to the defendants
6    by the 23 of March.
7        MS. BRODERICK:   Could you speak a little slower?
8        JUDGE MCMAHON:   I'm so sorry.
9        Plaintiffs need to designate their damages expert
10    and prepare their report and get it to the defendant by 23
11    of March.
12        MS. BRODERICK:   23 March.
13        JUDGE MCMAHON:   23 March.  Defendants damages and
14    expert report to plaintiffs April 20.  I'm not changing this
15    deadline.  I'm not changing any of those deadlines.  This

02232007CM_VeecoInstruments

16    case has been hanging around for a very long time.  I

17    assumed you've already retained your damages experts.  If

18    you haven't, get out there and do it next week.

19            MS. BRODERICK:  Discovery cut-off was when, your

20    Honor?

21            JUDGE MCMAHON:  Discovery cut-off was May 11.

22            MS. BRODERICK:  I'm terribly sorry, I'm a slow

23    writer.

24            JUDGE MCMAHON:  You can get the transcript.  We'll

25    do an order.  Whatever.  May 11.

6

1            The Federal Rules of Civil Procedure obviously

2    allow people to make summary judgment motions.  I think

3    you'll be wasting your time.  In fact, I'm positive that

4    you'll be wasting your time, and I'm really looking at the

5    people who are going to try to make the motion.  You'll be

6    wasting your time and you'll be wasting your client's money.

7    We're going the try the case.  I know a lot about this case.

8    I know enough about this case to know it's not a summary

9    judgment case.  And by the way, no judge has ever been

10    reversed for denying a summary judgment.  But it's not a

11    ruling.  And then we have a trial.  So I'd prepare for a

12    July 9 trial, if I were you.

13            Now what does anyone have to whine about this

14    morning?

15            MR. HARWOOD:  Your Honor, I have nothing to whine

16    about.

17            JUDGE MCMAHON:  That's nice to hear.

18            MS. BRODERICK:  I have one question, your Honor.

19            JUDGE MCMAHON:  Yes, Ms. Broderick.  Can you use

20    the microphone?  I should be using it.  It would help you if

02232007CM_VeecoInstruments

21    I would use it.

22          MS. BRODERICK:  I'm a little choky this morning,

23    so I should use the microphone.

24          Motions in limine, your Honor, a date.  More to

25    the point, may I file one now?

                                                              7


1          JUDGE MCMAHON:  You could file one anytime you

2    want.  I won't rule on it until the pretrial order is in.

3    That's a date to be set.

4          MS. BRODERICK:  I want to raise it because it's a

5    kind of a peculiar one.  There is authority in the Second

6    Circuit that if a defendant chooses to rely on the

7    proposition in a securities action that the defendant

8    believed his actions were lawful, that the defendant must

9    reveal his communications with counsel on the subject.

10          JUDGE MCMAHON:  Well, if the defendant is relying

11    on the advice of counsel, not if the defendant's actions

12    were lawful.

13          MS. BRODERICK:  No, no, no.  This is in a peculiar

14    sense.  This is a case in which there are issues about the

15    defendant's internal control and disclosure control

16    compliance.  And so the issue is, and we served an

17    interrogatory on the subject and the defendants refused to

18    respond to it, the defendants believe that their actions

19    complied with the Sarbanes-Oxley Act.  And there is a case,

20    it's US versus Bilzarian, where the issue was whether

21    defendants believed that their actions complied --

22          JUDGE MCMAHON:  I'm very familiar with the

23    Bilzarian case.

24          MS. BRODERICK:  Excellent.  Excellent.

                          Page 6

02232007CM_VeecoInstruments
25          JUDGE MCMAHON:  And it predated by many, many

8

1    years Sarbanes-Oxley.  I was still in practice.
2            MS. BRODERICK:  The issue here is -- I didn't know
3    that you were that old.  I thought only I was.
4            JUDGE MCMAHON:  I'm that old and older.
5            MS. BRODERICK:  Anyway.  So, the issue is, the
6    defendants refused to respond as to whether they believed --
7    whether they are going to take the position that they
8    believe that their actions comply with the Sarbanes-Oxley
9    Act.  This is as to disclosure controls and internal
10   controls.  And it is our position under Bilzarian and
11   progeny that, if they take the position at trial that they
12   believe their actions were compliant with the Sarbanes-Oxley
13   Act --
14           JUDGE MCMAHON:  Only if they believe -- are you
15   asserting the advice of counsel defense?
16           MR. SERIO:  We have not asserted it, your Honor.
17           JUDGE MCMAHON:  If they're going the get on the
18   stand and say, my lawyers told me that what I was doing was
19   right, then you are absolutely correct under Bilzarian.
20           MS. BRODERICK:  Well, Bilzarian was not an advice
21   of counsel.
22           JUDGE MCMAHON:  Excuse me.  Excuse me.  Excuse me.
23   They've denied the allegations of the complaint, that means
24   that they believe that everything they did was lawful.  That
25   is not an automatic waiver of the attorney-client privilege

9

1    and there is nothing in Bilzarian and nothing in any Second
2    Circuit case with which I am familiar that says otherwise.
                              Page 7

02232007CM_VeecoInstruments

3    MS. BRODERICK:  May I brief it?

4    JUDGE MCMAHON:  You can brief it.  You can make
5    any kind of motion you want, but I'm telling you that by
6    denying the allegation of the complaint, they have said,
7    everything we did is lawful.  That's what a denial is.  If
8    they don't capitulate and they go to trial, they're going to
9    be standing up in this courtroom and saying, everything we
10   did was lawful.  That does not automatically subject their
11   attorneys to cross examination by you.

12   MS. BRODERICK:  Okay.  Okay.  We'll brief it.
13   We'll brief it.  Because this goes beyond a denial, it is an
14   affirmative assertion of a belief in the lawfulness of your
15   activities.

16   JUDGE MCMAHON:  I'm sorry, you can brief anything
17.  you want.

18   MS. BRODERICK:  Right, okay.

19   JUDGE MCMAHON:  My seat-of-the-pants reaction is
20   that you are trying to extend Bilzarian way, way, way beyond
21   what it really deals with.

22   Okay.  Well, but you ask a good question, which
23   is, when the in limine motions are due.  They're due the
24   same day the final pretrial order is due; that's June 1.
25   And then responses to in limine motions are due June 8.

10

1    There are no replies on in limine motions.

2    Now, how many cases do I have to try and how many
3    case he are going back somewhere else unless the parties
4    consent?

5    Did everything get filed in this district?  No.

6    MR. HARWOOD:  One got filed in the Eastern

02232007CM_VeecoInstruments

7    District, your Honor, one of the derivative cases.  We're

8    happy to stay here.

9            THE COURT:  Fine.  Good.  We're here.

10           And do I have a jury demand in this case, in the

11   securities?

12           MS. BRODERICK:  Yes, your Honor.

13           JUDGE MCMAHON:  Not the derivative case but the

14   other case.  Okay.

15           All right.

16           MR. SERIO:  Your Honor, one question.  Should

17   there be experts other than damages experts?

18           JUDGE MCMAHON:  Same days.  What other experts

19   were you thinking of designating?

20           MR. HARWOOD:  Corporate governance expert in the

21   derivative action.

22           JUDGE MCMAHON:  That's the curse of

23   Sarbanes-Oxley, I know, corporate governance experts.  Sure.

24   Same dates.

25           MR. SERIO:  Thank you, your Honor.

                                                    11


1            JUDGE MCMAHON:  Ms. Broderick, what else do you

2    have beside you want to make an in limine motion?

3            MS. BRODERICK:  Well, we do have some discovery

4    motions to make.  That's not relevant at this time.

5            JUDGE MCMAHON:  What discovery motions do you have

6    to make?  Everything's on the table this morning.  Too many

7    discovery motions in this case.

8            MS. BRODERICK:  We have discovery motions

9    addressed to defendants' recent responses to our

10   interrogatories and document requests.

11           JUDGE MCMAHON:  Sorry.
                      Page 9

02232007CM_VeecoInstruments

12      MS. BRODERICK:  For example, for example -- and as
13   a matter of fact they're related to the motion that's before
14   you, your Honor -- one of the things is the defendants, by
15   the way, suggest that we don't need the discovery, it's the
16   subject of a motion before your Honor because we could
17   pursue it, by the way, by way of answers to interrogatories
18   and they point to one answer to an interrogatory which is
19   one of the answers to interrogatories that we mean to
20   compel, move to compel for their answers because we asked,
21   what were the components as to each item of the restatement,
22   state when it was found by whom and how.  And instead of
23   answering by item they said -- they answered by category,
24   did not answer how.  And as to when, said between December
25   and March.

12

1       And our request for further answers is going to
2    be:  Don't answer by category, answer by item, as we asked;
3    don't answer between January and March in a securities
4    action when something is discovered of significance; and
5    please answer how.  There is no answer as to how other than
6    it was discovered in the course of internal audit.
7       So that's one of the motions.
8       And then the defense have taken the position that
9    the provision in the scheduling order, which was drafted
10   with them, that said documents would be produced by
11   August 31 was a provision which was not intended as a date
12   by which documents would be produced but was intended to
13   prevent the plaintiffs from filing any further document
14   requests beyond the first one.
15      JUDGE MCMAHON:  I'll solve that problem.  Where's

25

02232007CM_VeecoInstruments

16   that order?  Do you have it?

17        MS. BRODERICK:  I'm terribly sorry, I don't.

18        JUDGE MCMAHON:  Anybody have a copy of that order?

19   I'd like to see the exact words in that order.

20        MR. SERIO:  Your Honor, I just wanted to point out

21   that Ms. Broderick has not met and conferred regarding the

22   interrogatory.

23        MS. BRODERICK:  I meant to do that today.

24        JUDGE MCMAHON:  She's going to do that today.

25   That doesn't mean I can't ask her what she's planning to do.

                                                    13


1   I mean, Judge Yanthis is spending an awful lot of time with

2   you folks.  I don't know.

3        JUDGE YANTHIS:  The motion you're talking about

4   now is nothing that has been sent to the court.

5        JUDGE MCMAHON:  Right, I want a sneak preview.

6        MS. BRODERICK:  And then, we have --

7        JUDGE MCMAHON:  I want a copy of the order, I'll

8   tell you what it says and I'll tell you how I interpret it

9   and that will be the end of that.

10        MS. BRODERICK:  There's one order which deals

11   with -- there's one other which deals with retrieval of

12   electronic --

13        JUDGE MCMAHON:  You want some water?  Let's get

14   some water for Ms. Broderick here.

15        MS. BRODERICK:  There's one other which deals with

16   retrieval of electronic communications.  We had believed

17   that the defendants had produced electronic communications

18   in large part -- well, two things, really.

19        The first is that there were a substantial number

20   of electronic communications going back a fair way that were

                              Page 11

02232007CM_VeecoInstruments

21    produced, and due to an inadvertently produced document, or
22    so the defendants say it was an inadvertently produced
23    document, we discovered that, during the course of what the
24    defendants referred to as their investigation, there was
25    some retrieval of electronic communications from back-up

14

1    tapes.
2         And also, of course, if an investigation is done,
3    which is supposed to apportion blame, it is customary to
4    retrieve electronic communications from back-up tapes
5    because it is difficult to say that you have made some kind
6    of investigation without finding out who said what to whom.
7         So, we believe that there had been retrieval of
8    back-up tapes, of electronic communications from back-up
9    tapes generally and proceeded on that basis. And there
10   were, apparently, back-up tapes retrieved for two persons
11   and we did discover that from this inadvertently produced
12   document.
13        We then took -- I then took the deposition of one
14   Herman Birnbaum, an internal auditor who does that on a
15   contract basis with the company. I subpoenaed documents
16   from Mr. Birnbaum and got from Mr. Birnbaum a couple of
17   email communications with one of the individual defendants
18   that were most interesting and that had not been produced by
19   the defendants.
20        So, I immediately wrote to the defendants and
21   said, well, this is very strange, how is it that these
22   documents were produced by Mr. Birnbaum and not by the
23   company?
24        I wrote once, got no response. I waited a while.

02232007CM_VeecoInstruments
25   I was polite.  I wrote again, I got no response.  So,

15

1    finally, I wrote a third time and I said, now, wait a

2    minute, is it that you did not search back-up tapes?

3            And it was on the third try that I discovered

4    that, no, they had not searched back-up tapes for one of the

5    individual defendants, indeed they had not searched back-up

6    tapes for any of the individual defendants and they said,

7    you should have asked.

8            JUDGE MCMAHON:  My question to you all is:  Was

9    there an electronic discovery protocol entered into between

10   the parties at the outset of this case?

11           MS. BRODERICK:  No.

12           MR. SERIO:  No, your Honor.

13           JUDGE MCMAHON:  Well, there should have been.

14           MS. BRODERICK:  Yes, there should have been.

15           JUDGE MCMAHON:  There should have been.

16           MS. BRODERICK:  Yes, there should have been.

17           JUDGE MCMAHON:  And why didn't you do that?

18           MS. BRODERICK:  Because I naively believed that --

19   yes, that was very bad.

20           I thought, since there had been an investigation

21   and since there was this flood of electronic communications,

22   any document saying that there had been a search, that there

23   had been a general search and I was wrong.  And I also

24   believed that there would have been some communication from

25   the defendants if there had not been or some kind of an

16

1    objection or something.  I was wrong.

2            MR. SERIO:  May I respond?
                         Page 13

02232007CM_VeecoInstruments

3       JUDGE MCMAHON:  I will say this, I was shocked,

4   shocked, not to get anything from anybody about electronic

5   discovery in this case and I naively assumed that you folks

6   had all worked it out.

7       Yes.  Go right ahead.

8       MR. SERIO:  Yes, your Honor.  With regard to the

9   particular emails that were produced, the defendants had a

10   number of broad search terms.  The particular emails that

11   were produced in the deposition that Ms. Broderick suggests

12   should have been produced did not contain the name TurboDisc

13   or any of the other broad search terms that we utilized to

14   review over a million pages of electronic data.

15       So they simply weren't picked up, as occasionally

16   happens, we used an extensive list of search terms, these

17   particular couple of emails that were produced by a

18   third-party witness, Mr. Birnbaum, he produced everything he

19   had related to TubroDisc, because he was a consultant.  He

20   had a limited finite number of documents.  He simply

21   produced everything.  That's why they were turned over.

22       With regard to back-up tapes, of course, our

23   objections to documents, of course objected to burdensome

24   requirements.  There was no discussion.  The first time

25   back-up tapes were mentioned in a January 31 letter from Ms.

17

1   Broderick and we immediately responded that we had not

2   searched back-up tapes, there had been no request to do so,

3   and the case law makes clear it's burdensome and often

4   cost-shifting protocols are arrived at.  We assumed that the

5   million-page search we did was sufficient.

6       JUDGE MCMAHON:  Okay.  Well, you're going to go

02232007CM_VeecoInstruments

7   ahead and make your motion, and Judge Yanthis is going to

8   deal with it and he's going to deal with it at this very

9   late date applying the new Federal Rules on electronic

10  discovery, and if it means that you're going to engage in

11  a -- I would make your motion really fast.

12              MS. BRODERICK:  We have it all done, your Honor.

13              JUDGE MCMAHON:  Good.  Because it's going to need

14  to be resolved quickly, because if, as I suspect is the

15  case, there is going to have to be a renewed search by the

16  defendants against a May 11 discovery deadline.  That's not

17  going to be extended and a July 9 trial date that's not

18  going to be extended.

19              MS. BRODERICK:  We have understood, your Honor,

20  and we have been careful to limit it to a limited number of

21  people.

22              JUDGE MCMAHON:  What I'm suggesting is that this

23  is going to have to get resolved very quickly and I want it

24  resolved quickly.

25              MR. SERIO:  Your Honor, may I ask one question?

                                                              18


1               We have, because of the previous discovery

2   deadline, which had been February 28, we have three senior

3   executives of Veeco who were scheduled to be deposed today,

4   as your Honor is aware, and Tuesday and Wednesday.

5               JUDGE MCMAHON:  Those depositions should go

6   forward as scheduled.

7               MR. SERIO:  Thank you, your Honor.

8               JUDGE YANTHIS:  Ms. Broderick, when are you going

9   the file that motion we're talking about?

10              MS. BRODERICK:  Well, it's just about done, so we

11  were planning to -- next week, early next week.

                          Page 15

02232007CM_VeecoInstruments

12          JUDGE YANTHIS:  Okay, by Wednesday of next week.

13      How much time do you need to respond?

14          MR. SERIO:  Could we do it Monday of the following

15  week?

16          JUDGE MCMAHON:  Monday the following week, fully

17  submitted at that time.

18          MS. BRODERICK:  There's one issue that we were

19  planning to address in the same motion, which is a very

20  minor issue, and that is that among the documents that we

21  asked for in our first request were all documents relating

22  to Mr. Huff, who was the -- as a matter of fact your Honor

23  ruled on the deposition of Mr. Huff and Mr. Huff was the

24  person who made all the entries that were erroneous.

25          JUDGE YANTHIS:  You can include that and respond

19

1  to that.

2          MS. BRODERICK:  Okay.  Thank you very much.

3          JUDGE MCMAHON:  I have before me the letter on

4  July 27, 2006, Gibson Dunn letterhead, telling me about the

5  proposed mediation and submitting a revised schedule.

6  Revised schedule contains the following task:  Deadline to

7  complete document production.  Not deadline to file document

8  requests but deadline to complete document production.  It's

9  plain English.  I have no difficulty understanding it.  It

10  means the deadline to produce the documents to the other

11  side.  That's what it means.  August 21, 2006, that was the

12  deadline to which you both agreed for the production of,

13  P-R-O-D-C-T-I-O-N.  Do I need to get a dictionary to explain

14  what that means?  It means producing, supplying the

15  documents to the other side.  That date has come and gone,

Page 16

02232007CM_VeecoInstruments
16   long since.  I'm telling you that's what it means.  Act
17   accordingly.
18          Derivative plaintiffs don't have anything.  How
19   about the defendants?
20          MR. SERIO:  Your Honor, I just don't want to get
21   into a situation -- that's fine, I actually have nothing.
22   That's fine.
23          JUDGE MCMAHON:  If you don't raise it today, don't
24   be surprised if when you raise it in a letter next week or
25   two weeks or three weeks I don't pay any attention to it.

                                                        20


1    MR. SERIO:  My only concern is that, with regard
2    to -- we very much would like to conclude the depositions in
3    these days as they have been set.  I'm simply concerned that
4    the plaintiffs will utilize any remaining issues relating to
5    production --
6          JUDGE MCMAHON:  They may have to come back.  Yes.
7    If you have withheld documents, if you have failed to look
8    in places that you should have looked, if Judge Yanthis
9    concludes that you've been monkeying around, your people
10   just might have to come back.  That is correct.
11          MR. SERIO:  Very well, your Honor.
12          JUDGE MCMAHON:  Anything else?
13          What else do you have?
14          JUDGE YANTHIS:  I think that's it.
15          JUDGE MCMAHON:  Okay.  Go do good work.
16          MR. HARWOOD:  Thank you, your Honor.
17          MS. BRODERICK:  Thank you, your Honor.
18          (Proceedings concluded at 9:33 a.m.)
19
20
                        Page 17

02232007CM_VeecoInstruments

```
21                    C E R T I F I C A T E

22          I hereby certify that the foregoing is a true and
     accurate transcript, to the best of my skill and ability,
23   from my stenographic notes of this proceeding.

24
                        _____
25                          Angela A. O'Donnell, RPR
                        Official Court Reporter, USDC, SDNY
```