# EXHIBIT 3

# BERGER & MONTAGUE, P.C.

**EXHIBIT 3**

# BERGER & MONTAGUE, P.C.

## THE FIRM:

Berger & Montague has been engaged in the practice of complex and class action litigation from its Center City Philadelphia office for over 35 years.  The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly in the fields of securities, antitrust, mass torts, civil and human rights, and consumer litigation.  In numerous precedent-setting cases, the Berger firm has played a principal or lead role. The firm has achieved the highest possible rating by its peers and opponents as reported in Martindale-Hubbell.  Currently, the firm consists of  66 lawyers, approximately half of whom are engaged full-time in securities litigation;  18 paralegals; several professional investigators; and an experienced support staff.

Berger & Montague was founded in1970 by the late David Berger to concentrate on the representation of plaintiffs in a series of antitrust class actions.  David Berger pioneered the use of class actions in antitrust litigation and was instrumental in extending the use of the class action procedure to other litigation areas, including securities, employment discrimination, civil and human rights, and mass torts. The firm's complement of nationally recognized lawyers has represented both plaintiffs and defendants in these and other areas, and has recovered billions of dollars for its clients. In complex litigation, particularly in areas of class action litigation, Berger & Montague has established new law and forged the path for recovery for victims of fraud and other wrongdoing.

The firm has been involved in a series of notable cases, some of them among the most important in the last 35 years of civil litigation.  For example, the firm was one of the principal counsel for plaintiffs in the Drexel Burnham Lambert/Michael Milken securities and bankruptcy litigation. Claimants in these cases recovered approximately $2 billion in the aftermath of the collapse of the junk bond market and the bankruptcy of Drexel in the late 1980's.  The firm was also among the principal counsel engaged in the trial of the Exxon Valdez Oil Spill in Anchorage, Alaska, a trial resulting in a record punitive damages award of $5 billion against Exxon. Berger & Montague was lead counsel in the School Asbestos Litigation, in which a national class of secondary and elementary schools recovered in excess of $300 million to defray the costs of asbestos abatement. The case was the first mass tort property damage class action certified on a national basis.

2

In the area of securities litigation, the firm has represented public institutional investors - such as the retirement funds for the States of  Pennsylvania, Connecticut, New Hampshire, New Jersey and Louisiana, as well as the City of Philadelphia and numerous individual investors and private institutional investors.  The firm was co-lead counsel in the Melridge Securities Litigation in the Federal District Court in Oregon, in which an $88.2 million jury verdict was obtained.  Berger and Montague has served as lead counsel in numerous other major class action cases, including those against Waste Management (settlement for investors of $220 million) and Rite Aid (settlements totalling  $334 million), to name only two of the most notable successes.

In addition to its distinction in securities litigation, the firm has served as lead or co-lead counsel on many of the most significant civil antitrust cases over the last 30 years, including In re Corrugated Container Antitrust Litigation (recovery in excess of $366 million), the Infant Formula case (recovery of $125 million), and the Retail Drug price fixing case (settlement of more than $700 million).  More recently, the firm, through its membership on the litigation Executive Committee, helped to achieve a $1.25 billion settlement with the largest Swiss banks on behalf of victims of Nazi aggression whose deposits were not returned after the Second World War.  The firm has also played an instrumental role in bringing about a $4.37 billion settlement with German industry and government for the use of slave and forced labor during the Holocaust.

The *National Law Journal* in October, 2005 selected Berger & Montague as one of the 12 top plaintiffs' litigation firms in the U.S. based on its most recent performance and its track record of successes in the last 3-to-5 year period.

## PROMINENT JUDGMENTS AND SETTLEMENTS

The success of Berger & Montague in prosecuting class actions and other complex litigation is best demonstrated by the firm's significant results for its clients. The following is a partial list of some of the more notable judgments and settlements from the past few years:

### *Securities Litigation*

*In re Sepracor Inc. Securities Litigation:* The firm, as co-lead counsel, obtained a settlement of $52.5 million for the benefit of bond and stock purchaser classes. (Civil Action No. 02-12235-MEL (D. Mass 2007)).

*In re CIGNA Corp. Securities Litigation:* The firm, as co-lead counsel, obtained a settlement of $93 million for the benefit of the class. (Master File No. 2:02-CV-8088 (E.D. Pa. 2007)).

*In re Fleming Companies, Inc. Securities Litigation:* The firm, as lead counsel, obtained a class settlement of $94 million for the benefit of the class. (Civil Action No. 5-03-MD-1530 (TJW) (E.D. Tex. 2005)).

*In re Xcel Energy Inc. Securities, Derivative & "ERISA" Litigation:* The firm, as co-lead counsel in the Securities Actions, obtained a cash settlement of $80 million on behalf of investors against Xcel Energy and certain of its officers and directors. (Civil Action No. 02-2677 (DSD/FLN) (D. Minn. 2005)).

*In re Campbell Soup Co. Securities Litigation:* The firm, as co-lead counsel, obtained a settlement of $35 million for the benefit of the class. (Civil Action No. 00 152 (JEI) (D.N.J.2004)).

*In re Premiere Technologies, Inc. Securities Litigation:* The firm, as co-lead counsel, obtaineda class settlement of over $20 million in combination of cash and common stock. (Civil Action No.1:98-CV-1804-JOF (N.D. Ga. 2002)).

*In re: PSINet, Inc., Securities Litigation:* The firm, as co-lead counsel, obtained a settlement of $17.83 million on behalf of investors. (Civ. No. 00-1850-A (E.D. Va. 2003)).

4

***In re Safety-Kleen Corp. Securities Litigation :*** The firm, as co-lead counsel, obtained a class settlement in the amount of $45 million against Safety-Kleen's outside accounting firm and certain of the Company's officers and directors. The final settlement was obtained 2 business days before the trial was to commence. (C.A. No. 3:00-CV-736-17 (D.S.C. 2001)).

***Emil Rossdeutscher and Dennis Kelly v. Viacom:*** The firm, as lead counsel, obtained a settlement resulting in a fund of $14.25 million for the class (C.A. No. 98C-03-091 (JEB) (Del. Super. 2002)).

***Silver v. UICI:*** The firm, as co-lead counsel, obtained a settlement resulting in a fund of $16 million for the class. (No. 3:99 CV 2860-L (N.D. Tex. 2003)).

***In re Alcatel Alsthom Securities Litigation:*** In 2001, the firm, as co-lead counsel, obtained a class settlement for investors of $75 million cash. (MDL Docket No. 1263 (PNB) (E.D. Tex. 2001)).

***In re Rite Aid Corp. Securities Litigation:*** The firm, as co-lead counsel, obtained settlements totalling $334 million against Rite Aid's outside accounting firm and certain of the company's former officers (99 CV 1349 (E.D. Pa. 2001)).

***In re Sunbeam Inc. Securities Litigation:*** As co-lead counsel, the firm obtained a settlement on behalf of investors of $141 million in the action against Sunbeam's outside accounting firm and Sunbeam's officers.  (98 CV 8258 (S.D. Fla. 2001)).

***In re Sotheby's Holding, Inc. Securities Litigation:*** the fir, as lead counsel obtained a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant (No. 00 Civ. 1041 (DLC) (S.D.N.Y. 2001)).

***In re Waste Management, Inc. Securities Litigation:*** In 1999, the firm, as co-lead counsel, obtained a class settlement for investors of $220 million cash which included a settlement against Waste Management's outside accountants. (97 CV 7709 (N.D. Ill. 2000)).

***In re IKON Office Solutions Inc. Securities Litigation:*** The firm, serving as both co-lead and liaison counsel, obtained a cash settlement of $111 million in an action on behalf of investors against IKON and certain of its officers. (MDL Dkt. No. 1318 (E.D. Pa. 2000)).

***In re Melridge Securities Litigation:*** The firm served as lead counsel and co-trial counsel for a class of purchasers of Melridge common stock and convertible debentures. A four-month jury trial yielded a verdict in plaintiffs' favor for $88.2 million, and judgment was entered on RICO claims against certain defendants for $239 million. The court approved settlements totaling $55.4 million. (CV-87-1426 FR (D. Ore. 1998)).

***Walco Investments, Inc. et al. v. Kenneth Thenen, et al. (Premium Sales):*** The firm, as a member of the Plaintiffs' Steering Committee, obtained settlements of $141 million for investors victimized by a Ponzi scheme. (Reported at: 881 F. Supp. 1576 (S.D. Fla. 1995); 168 F.R.D. 315 (S.D. Fla. 1996); 947 F. Supp. 491 (S.D. Fla. 1996)).

***In re The Drexel Burnham Lambert Group, Inc.:*** The firm was appointed co-counsel for a mandatory non-opt-out class consisting of all claimants who had filed billions of dollars in securities litigation-related proofs of claim against The Drexel Burnham Lambert Group, Inc. and/or its subsidiaries. Settlements in excess of $2.0 billion were approved in August 1991 and became effective upon consummation of Drexel's Plan of Reorganization on April 30, 1992. (90 Civ. 6954 (MP), Chapter 11, Case No. 90 B 10421 (FGC), Jointly Administered, reported at, *inter alia*, 960 F.2d 285 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993) ("Drexel I") and 995 F.2d 1138 (2d Cir. 1993) ("Drexel II")).

***In re Michael Milken and Associates Securities Litigation:*** As court-appointed liaison counsel, the firm was one of four lead counsel who structured the $1.3 billion "global" settlement of all claims pending against Michael R. Milken, over 200 present and former officers and directors of Drexel Burnham Lambert, and more than 350 Drexel/Milken-related entities.  (MDL Dkt. No. 924, M21-62-MP (S.D.N.Y.1993)).

***RJR Nabisco Securities Litigation:*** In this action, Berger & Montague represented individuals who sold RJR Nabisco securities prior to the announcement of a corporate change of control.  This securities case settled for $72 million. (88 Civ. 7905 MBM (S.D.N.Y. 1992)).

## JUDICIAL PRAISE FOR BERGER & MONTAGUE ATTORNEYS

Berger & Montague's record of successful prosecution of class-actions and other complex litigation has been recognized and commended by judges and arbitrators across the country. Some remarks on the skill, efficiency, and expertise of the firm's attorneys are excerpted below.

### *Securities Litigation*

From **Judge Michael M. Baylson**, of the U.S. District Court for the Eastern District of Pennsylvania:

"The Court is aware of and attests to the skill and efficiency of class counsel: they have been diligent in every respect, and their briefs and arguments before the Court were of the highest quality. The firm of Berger & Montague took the lead in the Court proceedings; its attorneys were well prepared, articulate and persuasive."

Praising the work of Berger & Montague attorneys including Securities Department Chair Sherrie R. Savett and partners Carole A. Broderick and Barbara A Podell in *In re CIGNA Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 51089, **17-18 (E.D. Pa. July 13, 2007)

From **Judge Stewart Dalzell**, of the U.S. District Court for the Eastern District of Pennsylvania:

"Thanks to the nimble class counsel, this sum, which once included securities worth $149.5 million is now all cash. Seizing on an opportunity Rite Aid presented class counsel first renegotiated what had been stock consideration into Rite Aid Notes and then this year monetized those Notes. Thus, on February 11, 2003, Rite Aid redeemed those Notes from the class, which then received $145,754,922.00. The class also received $14,435,104 in interest on the Notes.

"Co-lead counsel ... here were extraordinarily deft and efficient in handling this most complex matter... they were at least eighteen months ahead of the United States Department of Justice in ferreting out the conduct that ultimately resulted in the

write down of over $1.6 billion in previously reported Rite Aid earnings.   In short, it would be hard to equal the skill class counsel demonstrated here."

Praising the work of Berger & Montague attorneys including Securities Department Chair Sherrie R. Savett and partners Carole Broderick and Robin Switzenbaum in *In re Rite Aid Corp. Securities Litigation*, 269 F. Supp. 2d 603, 605 (E.D. Pa. 2003)

From **Judge Clarence C. Newcomer**, of the U.S. District Court for the Eastern District of Pennsylvania:

"...[C]ounsel has conducted this litigation with skill, professionalism and extraordinary efficiency."

Praising the work of Sherrie R. Savett, Securities Department Chair, and Arthur Stock, *In Re: Unisys Corporation Securities Litigation*, Civil Action No. 99-5333 , 2001 U.S. Dist. LEXIS 20160 *10 (E.D. Pa. Dec. 6, 2001).

From **Judge Stewart Dalzell**, of the U.S. District Court for the Eastern District of Pennsylvania:

"As to 'the skill and efficiency of the attorneys involved,' we can only echo what we said about some of the same lawyers in *U.S. Bioscience*.  The results here are outstanding in a litigation that was far ahead of public agencies like the Securities and Exchange Commission and the United States Department of Justice. . . .  At the same time, these attorneys have, through the division of their labors, represented the class most efficiently[.]"

Praising the work of Berger & Montague attorneys including Securities Department Chair, Sherrie R. Savett, in achieving settlements of over $190 million in *In re Rite Aid Inc. Securities Litigation*, 146 F. Supp.2d 706, 735 (E.D. Pa. June 8, 2001).

From **Judge Marvin Katz**, of the U.S. District Court for the Eastern District of Pennsylvania:

> "Class counsel did a remarkable job in representing the class interests."

> Commenting on the work of Berger & Montague attorneys Merrill G. Davidoff, Todd S. Collins and Douglas M. Risen, on the partial settlement for $111 million approved May, 2000, *In Re: IKON Office Solutions Securities Litigation*, 194 F.R.D. 166, 197 (E.D. Pa. 2000).

From Judge **Wayne R. Andersen**, of the U.S. District Court for the Northern District of Illinois:

> "...[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases...in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here ... I would say this has been the best representation that I have seen."

> Praising the work of Sherrie R. Savett , Carole A. Broderick, and Gary E. Cantor at a hearing in *In Re: Waste Management, Inc. Securities Litigation*, Civil Action No. 97-C 7709 (N.D. Ill. 1999).

From **Judge Stewart Dalzell**, of the U.S. District Court for the Eastern District of Pennsylvania:

> "The quality of lawyering on both sides, but I am going to stress now on the plaintiffs' side, simply has not been exceeded in any case, and we have had some marvelous counsel appear before us and make superb arguments, but they really don't come any better than Mrs. Savett . . . , and the arguments we had on the motion to dismiss [Mrs. Savett argued the motion], both sides were fabulous, but plaintiffs' counsel were as good as they come."

> Commenting on the settlement of a securities case litigated by Sherrie R. Savett and Carole A. Broderick, *In re U.S. Bioscience Securities Litigation*, Civil Action No. 92-0678, hearing held April 4, 1994 (E.D. Pa. 1994).

From **Judge Joseph F. Anderson, Jr.**, of the U.S. District Court for the District of South Carolina:

> "I don't have a problem at all approving the settlement.  In light of what you've said today and your submission to the Court and I am familiar with the case ... it was a sharply litigated case, with good lawyers on both sides and I think it's an ideal case for settlement.  It's the largest settlement I've been called upon to approve in my eight years as a judge."

Praising the work of Sherrie R. Savett, Securities Department Chair, in achieving a $32 million settlement in *In Re: Policy Management Systems Corporation,* Civil Action No. 3:93-0807-17 (D.S.C. 1993).

From **Judge Harry R. McCue**, of the U.S. District Court for the Southern District of California:

> "There can be no doubt that the public good was fully served by the attorneys for the plaintiffs in this case, because they invested their own time, their own money, they invested their special skills and knowledge to vindicate the rights and interests of the thousands of investors who invested their money and placed their trust in the integrity of the securities market. . . .  I conclude that the achievement of plaintiffs' counsel under any of those tests was superior. "

Concerning the work of Berger & Montague in achieving a $33 million settlement in *In re Oak Industries Securities Litigation,* 1986 U.S. Dist. LEXIS 20942 (S.D. Cal. 1986).

From **Judge John F. Keenan**, of the U.S. District Court for the Southern District of New York:

> "The quality of work of plaintiffs' counsel on this case is also demonstrated by the efficient manner of prosecution. . . . At the settlement hearing, defense counsel conceded that plaintiffs' counsel constitute the 'cream of the plaintiffs' bar.'  The court cannot find fault with that characterization."

Regarding the work of Sherrie R. Savett and Stephen A. Whinston, *In re Warner Communications Securities Litigation,* 618 F. Supp. 735, 749 (S.D.N.Y. 1985).

10

# BIOGRAPHIES OF INDIVIDUAL ATTORNEYS

Set forth below are the biographies of the attorneys who principally worked on the *In re Veeco Instructments, Inc.* matter who are individually listed on the chart attached to the accompanying Affidavit as Exhibit 1.

### Sherrie R. Savett

**Summary**

Sherrie R. Savett, Chair of the Securities Litigation Department, and member of the Management Committee of the law firm of Berger & Montague, has practiced in the area of securities litigation and class actions since 1975. Seven securities class actions in which Ms. Savett served as lead counsel, are among the 100 largest securities class actions settled in the history of the federal securities laws. She has advanced investor protection by helping to establish several significant legal precedents. Ms. Savett speaks and writes often on professional topics, and is also a business and community leader.

**Securities Litigation**

Ms. Savett serves or has served as lead or co-lead counsel or as a member of the executive committee in a large number of important securities and consumer class actions in federal and state courts across the country, including:

*Advanced Micro Devices* (class settlement of $11.5 million)
*(Civil Action No. 95-20750 (N.D. Cal. 1998));
***Alcatel Alsthom* (class settlement of $75 million)
(Master Docket No. 99-1263 (E.D. Tex. 2001));
*BankAmerica* (derivative settlement of $39.25 million)
(Civil Action No. 85-4779 (C.D. Cal. 1987));
*Boston Chicken* (class settlement of $21.5 million)

*In this and all other cases on this list, dates represent the year of settlement. The settlement year for cases that include multiple settlements reflects the first settlement in time.

**Listed among the 100 largest securities class action settlements in the United States since the enactment of the 1933-1934 securities acts.    11

(Civil Action No. 97-1308 (D. Colo. 2006));

***Bristol-Myers Squibb*** (class settlement of $20 million)

(Civil Action No. 92-4007 (S.D.N.Y. 1994));

***Cephalon*** (class settlement of $17 million)

(Civil Action No. 96-0633 (E.D. Pa. 1999));

**\*\*CIGNA** (class settlement of $93 million)

(Civil Action No. 2:02-8088 (E.D. Pa. 2007));

***Coastal Physician Group*** (class settlement of $8.15 million)

(Civil Action No. 1:95-0036 (1998 M.D.N.C.));

***Crocker Shareholder Litigation*** (class settlement of $35 million)

(Civil Action No. 7405 (Del. Ch. 1985));

***Employee Solutions*** (class settlement valued at $15 million)

(Civil Action No. 97-545 (D. Ariz. 1999));

***Fidelity/Micron*** (class settlement of $10 million)

(Civil Action No. 95-12676 (D. Mass. 1997));

**\*\*Fleming Companies** (class settlement of $94 million)

(MDL No. 1530 (E.D. Tex. 2005));

***Genentech*** (class settlement of $29 million)

(Civil Action No. 88-4038 (N.D. Cal. 1991));

**\*\*Global Crossing** (class settlement of $444 million (partial))

(Civil Action No. 02-910 (S.D.N.Y. 2006));

***Home Shopping Network*** (class settlement of $18.2 million)

(Civil Action No. 87-428 (M.D. Fla. 1991));

***Long Island Lighting*** (class settlement of $48.5 million)

(Civil Action No. 84-0588 (E.D.N.Y. 1988));

***Marconi*** (class settlement of $7.1 million)

(Civil Action No. 01-1259 (W.D. Pa. 2003));

**\*\*Medaphis/Deloitte & Touche** (class settlement of $96.5 million)

(Civil Action Nos. 96-2088 (N.D. Ga. 1997) and 97-3183 (N.D. Ga. 2000));

***MicroWarehouse*** (class settlement valued at $30 million)

(Civil Action No. 96-1920 (D. Conn. 1998));

***Motorola*** (class settlement of $15 million)

(Civil Action No. 90-5887 (N.D. Ill. 1995));

***Oak Industries*** (class settlement in excess of $35 million)

12

(Civil Action No. 83-0536 (S.D. Cal. 1983));

*Plains All American Pipeline LP* (class settlement of $24.1 million)

(Civil Action No. 99-4136 (S.D. Tex. 2001));

*Policy Management* (class settlement of $32 million)

(Civil Action No. 3:93-0807 (D.S.C. 1995));

*Policy Management II* (class settlement of $7.75 million)

(Civil Action No. 94-1150 (D.S.C. 2001));

*Public Service Company of New Mexico* (class and derivative settlements of $33 million)

(Civil Action No. 91-0536 (S.D. Cal. 1992));

*Raychem* (class settlement of $19.5 million)

(Civil Action No. 89-20801 (N.D. Cal. 1992));

**Rite Aid* (class settlement of $334 million)

(Civil Action No. 99-1349 (E.D. Pa. 2003));

*Safety-Kleen* (class settlement of $44.5 million achieved two days before trial)

(Civil Action No. 3:00-736-17 (D.S.C. 2001));

*Sepracor Inc.* (class settlement of $52.5 million)

(Civil Action No. 02-12235 (D. Mass. 2007));

*Shopko Stores* (class settlement of $4.9 million)

(Civil Action No. 01-1034 (D. Wis. 2004));

*SmithKline Beckman* (class settlement of $22 million)

(Civil Action No. 88-7474 (E.D. Pa. 1990));

***Sotheby's Holdings* (class settlement of $70 million) including $30 million from individual

officer) (Civil Action No. 00-1041 (S.D. N.Y. 2001));

*Summit Technology* (class settlement of $10 million)

(Civil Action No. 96-11589 (D. Mass. 2001));

*Sunrise Medical* (class settlement of $20 million)

(Civil Action No. 95-3605 (S.D. Cal. 1996));

*Subaru* (class settlement of $70 million)

(Civil Action No. MD 0016-90 (N.J. Super. 1991));

*Synergen* (class settlement of $28 million)

(Civil Action No. 93B-402 (D. Colo. 1995));

*U.S. Bioscience* (class settlement valued at $15.25 million)

(Civil Action No. 92-678 (E.D. Pa. 1994));

*United HealthCare* (class settlement of $20.1 million)

13

(Civil Action No. 98-1888 (D. Minn. 2000));
*United Telecommunications* (class settlement of $28 million)
(Civil Action No. 90-2251 (D. Kan. 1994));
*Valujet* (class settlement of $5 million)
(Civil Action No. 1:96-1355 (N.D. Ga. 1999));
*W.R. Grace* (derivative settlement of $8.5 million)
(Civil Action No. 95-9003 (S.D. N.Y. 1998));
***Waste Management** (class settlement of $220 million)
(Civil Action No. 97-7709 (N.D. Ill. 1999));
***Xcel Energy** (class settlement of $80 million)
(Civil Action No. 02-2627 (D. Minn. 2005)).

**Investor Protection**

Ms. Savett has helped establish several significant precedents. Among them is the holding (the first ever in a federal appellate court) that municipalities are subject to the anti-fraud provisions of SEC Rule 10b-5 under § 10(b) of the Securities Exchange Act of 1934, and that municipalities that issue bonds are not acting as an arm of the state and therefore are not entitled to immunity from suit in the federal courts under the Eleventh Amendment. *Sonnenfeld v. City and County of Denver*, 100 F.3d 744 (10th Cir.1996).

In the *U.S. Bioscience* securities class action, a biotechnology case where critical discovery was needed from the federal Food and Drug Administration, the court ruled that the FDA may not automatically assert its administrative privilege to block a subpoena and may be subject to discovery depending on the facts of the case. *In re U.S. Bioscience Secur. Litig.*, 150 F.R.D. 80 (E.D. Pa. 1993)

In the *CIGNA Corp. Securities Litigation*, the Court denied defendants' motion for summary judgment, holding that a plaintiff has a right to recover for losses on shares held at the time of a corrective disclosure and his gains on a stock should not offset his losses in determining legally recoverable damages. *In re CIGNA Corp. Securities Litigation*, 459 F. Supp. 2d 338 (E.D. Pa. 2006).

**Professional Leadership**

Ms. Savett is active in her profession, and is a frequent author and lecturer on prosecuting shareholder and consumer class actions. She was formerly on the board of the Philadelphia Bar Foundation.

In May 2007, Ms. Savett spoke at the conference presented by the Litigation Committee of the Dispute Resolution Section of the International Bar Association and the Section of International Law of the American Bar Association on class certification. Ms. Savett participated in a mock hearing before a United States Court on whether to certify a worldwide class action that includes large numbers of European class members.

She has lectured at the Wharton School of the University of Pennsylvania and at the Stanford Law School on prosecuting shareholder class actions. She is frequently invited to present and serve as panelist in American Bar Association, American Law Institute/American Bar Association and Practicing Law Institute (PLI) conferences on securities class action litigation and the use of class actions in consumer litigation. She has been a presenter and panelist at PLI's Securities Litigation and Enforcement Institute annually since 1995. She has also spoken at major institutional investor and insurance industry conferences, and DRI -- the Voice of the Defense Bar.

She has written numerous articles on securities and complex litigation issues, including:

"Securities Class Actions Since the 1995 Reform Act: A Plaintiff's Perspective," 1557 *PLI*, September 2006

"Securities Class Actions Since the 1995 Reform Act: A Plaintiff's Perspective," 1505 *PLI*, September 2005

"Recent Developments in the Lead Plaintiff and Lead Counsel Provisions of the Private Securities Litigation Reform Act (PSLRA)," 1 *Securities Litigation Report*, (Glasser LegalWorks) December 2004-January 2005

"Primary Liability of 'Secondary' Actors under the PSLRA," 1 *Securities Litigation Report*, (Glasser) November 2004

15

"Securities Class Actions Since the 1995 Reform Act: A Plaintiff's Perspective," 1442 *PLI/Corp.13*, September-October 2004

"Securities Class Actions Since the 1995 Reform Act: A Plaintiff's Perspective," SJ084 ALI-ABA 399, May 13-14, 2004

"The 'Indispensable Tool' of Shareholder Suits," *Directors & Boards*, Vol. 28, February 18, 2004

"Plaintiff's Perspective on How to Obtain Class Certification in Federal Court in a Non-Federal Question Case", 679 *PLI*, August 2002

"Hurdles in Securities Class Actions: The Impact of Sarbanes-Oxley from a Plaintiff's Perspective," 9 *Securities Litigation and Regulation Reporter* (Andrews), December 23, 2003

"Securities Class Actions Since the 1995 Reform Act: A Plaintiff's Perspective," SG091 ALI-ABA, May 2-3, 2002

"Securities Class Actions Since the 1995 Reform Act: A Plaintiff's Perspective," SF86 ALI-ABA 1023, May 10, 2001

"Greetings from the Plaintiffs' Class Action Bar: We'll Be Watching," SE082 ALI-ABA739, May 11, 2000

"Preventing Financial Fraud," B0-00E3 *PLI* BO-00E3 April-May 1999

"Shareholders Class Actions in the Post Reform Act Era," SD79 ALI-ABA 893, April 30, 1999

"What to Plead and How to Plead the Defendant's State of Mind in a Federal Securities Class Action," with Arthur Stock, *PLI*, ALI/ABA 7239, November 1998

16

"The Merits Matter Most: Observations on a Changing Landscape under the Private Securities Litigation Reform Act of 1995," 39 *Arizona Law Review* 525, 1997

"Everything David Needs to Know to Battle Goliath," ABA Tort & Insurance Practice Section, *The Brief*, Vol. 20, No.3, Spring 1991

"The Derivative Action: An Important Shareholder Vehicle for Insuring Corporate Accountability in Jeopardy*," PLI* H4-0528, September 1, 1987

"Prosecution of Derivative Actions: A Plaintiff's Perspective," *PLI* H4-5003, September 1, 1986

## Honors

Ms. Savett is widely recognized as a leading litigator and a top female leader in the profession by local and national legal rating organizations.

*The Legal Intelligencer* and *Pennsylvania Law Weekly* named her one of the "56 Women Leaders in the Profession" in 2004.

In 2004 and 2005, Berger & Montague was named to the *National Law Journal's* "Hot List" of 12-20 law firms nationally "who specialize in plaintiffs' side litigation and have excelled in their achievements." Ms. Savett's achievements were mentioned, among others'.

Ms. Savett was named a "Pennsylvania Top 50 Female Super Lawyer" and a "Pennsylvania Super Lawyer" from 2004 through 2006 by *Philadelphia Magazine* after an extensive nomination and polling process among Pennsylvania lawyers.

In 2006 and 2007, she was named one of the 500 leading litigators and leading plaintiffs' litigators in the United States by *Lawdragon*.

## Business and Community Leadership

A business leader, Ms. Savett is on the Board of Directors of Pennsylvania Business Bank, and is

a member of The Forum of Executive Women.

Ms. Savett is active in community affairs, serving for decades on the Board of Trustees of The Jewish Federation of Philadelphia. She is on the Board of the National Liberty Museum, and is Chairperson of the Southeastern Pennsylvania State of Israel Bonds and is a member of the National Cabinet of Israel Bonds. In 2005, she received The Spirit of Jerusalem Medallion, the State of Israel Bonds' highest honor. She is a former board member of the Philadelphia Chapter of the Weizman Institute, and the American Jewish Committee.

**Education**

She earned her J.D. from the University of Pennsylvania Law School, and a B.A. *Summa Cum Laude* with Distinction in English Literature from the University of Pennsylvania where she was elected a member of Phi Beta Kappa.

## Carole A. Broderick

Carole A. Broderick is a 1952 graduate of Cornell University where she received a Bachelor of Arts degree. She is a 1957 graduate of the University of Pennsylvania Law School, where she was awarded an L.L.B. and was a member of the *Law Review*. She has practiced before the Securities and Exchange Commission and actively participated in the prosecution and trial of complex securities and antitrust litigation. She is admitted to practice law in the Commonwealth of Pennsylvania.

## Gary E. Cantor

Gary E. Cantor is a graduate of Rutgers College (B.A., *magna cum laude*, 1974, with highest distinction in economics) where he was a member of Phi Beta Kappa, and the University of Pennsylvania Law School (J.D. 1977), where he was a member of the Moot Court Board and the author of a law review comment on computer-generated evidence. He was admitted to the Pennsylvania bar in 1977. Since joining the Berger firm in 1977, he has concentrated on complex litigation, particularly securities litigation and securities valuations. Among other cases, Mr. Cantor has served as co-lead counsel in *Steiner v. Phillips, et al.* (Southmark Securities), Consolidated C.A. No. 3-89-1387-X (N.D. Tex.), which resulted in several payments to the Settlement Fund of $82.5 million, and *In re Kenbee Limited Partnerships Litigation*, Civil Action No. 91-2174 (GEB), a class

action involving 119 separate limited partnerships resulting in cash settlement and debt restructuring (with as much as $100 million in wrap mortgage reductions). In addition, he played a major leadership role in: *In re Sepracor Inc. Securities Litigation,* Civil Action no. 02-12235-MEL (D. Mass.)($52.5 million settlement approved September 6, 2007); *In re Marconi, Plc, Securities Litigation,* Civil Action No. 2:01-CV-1259 (W.D. Pa.)($7.1 million settlement approved January 16, 2004); *In re Sotheby's Holding, Inc. Securities Litigation*, No. 00 Civ. 1041 (DLC) (S.D.N.Y.)($70 million class settlement); *In re Fidelity/Micron Securities Litigation*, Civil Action No. 95-12676-RGS (D. Mass.) ($10 million class settlement); *In re Tucson Electric Power Company Securities Litigation*, C.A. No. 89-1274 PHX (WPC C.D. Ariz.) ($30 million settlement of class and derivative actions). He was also actively involved in the *Waste Management Securities Litigation* (class settlement of $220 million).

In addition, Mr. Cantor has also concentrated on securities valuations and the preparation of damage studies or the supervision of outside damage experts for many of the firm's securities cases, including many of the cases listed under Prominent Judgments and Settlements above.

Mr. Cantor has been active in numerous community service activities, including serving as treasurer, president and board chairman of a private school.

### Phyllis Maza Parker

Phyllis Maza Parker is a graduate of Yeshiva University (B.A. *cum laude* 1969), Columbia University (M.A. French Literature 1971), Boston University, Brussels Belgium (M.S. in Management), and Temple University School of Law (J.D. *cum laude* 1995), where she was a member of the *Temple Law Review* and published a Note on the subject of the Federal Sentencing Guidelines. After her first year of law school, Ms. Parker interned with the Honorable Dolores K. Sloviter of the United States Court of Appeals for the Third Circuit. Following graduation from law school, Ms. Parker served as law clerk to the Honorable Murray C. Goldman of the Court of Common Pleas in Philadelphia, Pennsylvania. Since joining the Berger firm in September, 1996, Ms. Parker has been involved in various complex class action litigations, focusing primarily on securities class action litigation. She is admitted to practice in Pennsylvania and New Jersey as well as the Eastern District of Pennsylvania.

### Douglas M. Risen

Douglas Risen graduated from Penn State University (B.A. *magna cum laude* 1994) and from the University of Pennsylvania Law School (J.D. 1997). He is admitted to practice in Pennsylvania. Mr. Risen joined the Berger firm in November 1998 and practices primarily in complex class action litigation, including in the securities consumer fraud areas.

### Arthur Stock

Arthur Stock's practice is concentrated in securities litigation. Mr. Stock has litigated numerous significant cases vindicating the rights of investors, including: *Safety-Kleen Corp.* ($45 million stockholders settlement); *Synergen, Inc.* ($28 million settlement); *UICI* ($16 million settlement); *Livent,* Inc. ($6.45 million settlements); *Worldport, Inc.* ($5.1 million settlement); *Datastream* ($5 million cash and stock settlement); *Blasband v. Rales (*favorable precedent for investors established in Delaware Supreme Court).

Mr. Stock is a graduate of Yale University (B.A. *with distinction in economics* 1984) and the Duke University School of Law (J.D. *with high honors* 1990), where he served as Articles Editor of the *Duke Law Journal*. From 1990 to 1991, Mr. Stock served as a law clerk to the Honorable Jackson L. Kiser, United States District Court for the Western District of Virginia. He joined the Berger Firm in 1991. Mr. Stock is admitted to practice law in the Commonwealth of Pennsylvania.

Mr. Stock is the co-author with Sherrie R. Savett of *What to Plead and How to Plead the Defendant's State of Mind in a Federal Securities Class Action: The Plaintiff's Perspective*, Practicing Law Institute, 30th Annual Institute of Securities Regulation, Vol. 2, p. 807 (1998), and author of *Justice Scalia's Use of Sources in Statutory and Constitutional Interpretation: How Congress Always Loses*, Duke L.J. 160 (1990). He has also written political commentary for *Slate*.com.

Mr. Stock also serves on the Board of Trustees of Adoptions from the Heart, a non-profit adoption agency.

## Shoshana Savett

Shoshana Savett received a B.A. from the University of Pennsylvania in 1999. She graduated from Temple Law School in 2003 and is admitted to practice law in Pennsylvania and New Jersey. Ms. Savett is an associate in the securities department.

## Jeff Osterwise

Jeff Osterwise is a 1999 graduate of Duke University where he received a B.A. in Political Science and completed a certificate program in Markets & Management. Prior to attending law school, Mr. Osterwise formed a corporation for the purpose of exploring entrepreneurial ventures.

Mr. Osterwise is a 2005 graduate of the Duke University School of Law and is admitted to practice law in Pennsylvania. Since joining Berger & Montague, P.C. in August 2005, Mr. Osterwise has practiced primarily in the area of securities class action litigation.

## Genna Driscoll Kidd

Genna Driscoll Kidd is a graduate of Bryn Mawr College (B.A. 1989 *magna cum laude*, with distinction in English) and Boston University School of Law (J.D. 1992). During law school, Ms. Kidd served as a research assistant to a Boston University Professor of Health Care Law, and published an article on genetic testing and family law issues which was presented at the 1990 National College of Probate Judges Annual Seminar. Since joining the Berger firm as an associate, she has concentrated in securities class action litigation.

malta432299-00a.wpd