### SUMMARY OF TIME AND EXPENSES

| FIRM | HOURS | LODESTAR | EXPENSES |
|---|---|---|---|
| Faruqi & Faruqi LLP | 1,564.10 | $ 799,597.50 | $ 29,533.28 |
| Goldman, Scarlato & Karon, P.C. | 1,544.00 | $ 688,290.00 | $ 23,356.89 |
| Harwood Feffer LLP | 1,608.30 | $ 740,322.50 | $ 40,562.96 |
| The Weiser Law Firm | 831.00 | $ 367,175.00 | $ 26,072.00 |
| **TOTAL:** | 5,547.40 | $2,595,385.00 | $119,525.13 |

# Exhibit A

# Exhibit B

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In Re VEECO INSTRUMENTS, INC.,          :    05-MD-1695 (CM)
SECURITIES LITIGATION                   :
                                        :
———————————————————— x
THIS DOCUMENT RELATES TO:               :
                                        :
———————————————————— x
EDWARD J. HUNEKE, derivatively on behalf of : 05-CV-10224 (CM)
VEECO INSTRUMENTS, INC.,                 :
                                        :
            Plaintiff(s),               :
                                        :
      vs.                               :
                                        :
EDWARD H. BRAUN, et al.,                 :
                                        :
            Defendant(s),               :
———————————————————— x
AUGUST SCHUPP, III, derivatively on behalf of : 05-CV-10225 (CM)
VEECO INSTRUMENTS, INC.,                 :
                                        :
            Plaintiff(s),               :
                                        :
      vs.                               :
                                        :
EDWARD H. BRAUN, et al.,                 :
                                        :
            Defendant(s),               :
———————————————————— x
DAVID ALTMAN, derivatively on behalf of  :    05-CV-10226 (CM)
VEECO INSTRUMENTS, INC.,                 :
                                        :
            Plaintiff(s),               :
                                        :
      vs.                               :
                                        :
EDWARD H. BRAUN, et al.,                 :
                                        :
            Defendant(s).               :
———————————————————— x

### AFFIDAVIT OF SHANE T. ROWLEY ON BEHALF OF FARUQI & FARUQI, LLP IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NEW YORK  )

         Shane T. Rowley, being duly sworn, deposes and says:

        1.     I am a member of the firm of Faruqi & Faruqi, LLP, one of the attorneys for plaintiffs.  I submit this affidavit in support of plaintiffs' application for an award of attorneys' fees and reimbursement of expenses incurred in the course of this litigation.

        2.     My firm, as counsel to plaintiff David Altman, commenced an action on behalf of the nominal defendant Veeco Instruments, Inc.

        3.     The schedule attached hereto as Exhibit A is a detailed summary of the amount of time, spent by the attorneys of this firm on the litigation, at current rates.  These hourly rates are the rates charged in all matters.  The schedule includes the name of each attorney who worked on the case, their hourly billing rates and the numbers of hours expended on this matter.  The schedule was prepared from contemporaneous daily time records maintained by my firm.

        4.     With respect to the standing of counsel in this action, attached hereto as Exhibit B is a brief biography of my firm and the firm's attorneys who worked on this litigation.

        5.     As shown by Exhibit A, the total number of hours spent on this litigation by my firm was 1,564.10 hours.  The total lodestar amount for attorneys' time is $799,597.50.

        6.     My firm expended a total of $29,533.28 in unreimbursed expenses in connection with the prosecution of this litigation, detailed as follows:

| Expense | Amount |
|---|---|
| Court Filing Fees | $1,305.00 |
| Lexis/Westlaw | $4,381.00 |
| Photocopies | $864.58 |
| Telephone/Telecopier | $188.42 |
| Travel/Meals | $2,260.28 |
| Litigation Fund Contribution | $20,000.00 |
| Messenger | $141.00 |
| Postage | $181.00 |
| Fed Ex | $212.00 |
| **Total** | **$29,533.28** |

7.    The expenses incurred in the prosecution of this case are reflected on the books and records of this firm. These books and records are prepared from expense vouchers and check records and are accurate regarding all the expenses incurred.

8.    My firm maintained a litigation fund on behalf of all plaintiffs' counsel in the litigation for the payment of significant expenses. Total contributions to the fund were $75,000.00. The disbursements from the Fund were:

| Expense | Amount |
|---|---|
| Court Reporters | $15,385.08 |
| Photocopy Services | $8,715.50 |
| Process Service | $509.95 |
| Corporate Governance Expert Ted Fiflis, Esq. | $16,515.00 |
| Financial Expert (Financial Markets Analysis) | $28,712.76 |
| **Total** | **$69,838.29** |

SHANE T. ROWLEY

Sworn to before me this
20th day of March, 2008

Notary Public

DAVID LEVENTHAL
Notary Public, State of New York
No. 02LE6163201
Qualified in New York County
Commission Expires March 19, 2011

3

## EXHIBIT A

## FARUQI & FARUQI, LLP

### Time Report

| Name | Total Hours | Rate | Lodestar |
|------|-------------|------|----------|
| Nadeem Faruqi (P) | 182.50 | 650 | $118,625.00 |
| Shane Rowley (P) | 622.00 | 595 | $370,090.00 |
| Anthony Vozzolo (P) | 16.20 | 550 | $8,910.00 |
| Beth Keller (P) | 132.10 | 495 | $65,389.50 |
| Kara Marsallo (A) | 56.30 | 475 | $26,742.50 |
| Jamie Mogil (A) | 518.20 | 390 | $202,098.00 |
| Aleksey Barinov (PL) | 19.30 | 225 | $4,342.50 |
| Rafael Morales (PL) | 2.00 | 150 | $300.00 |
| Danion Nolan (PL) | 2.00 | 200 | $400.00 |
| Judy Huang (PL) | 13.50 | 200 | $2,700.00 |
| **TOTAL** | **1,564.10** | | **$ 799,597.50** |

# Exhibit B



# FARUQI & FARUQI, LLP

## *FIRM RESUME*

***Faruqi & Faruqi, LLP*** concentrates in corporate, consumer and securities litigation. The firm maintains its main office in New York, New York, with offices in California, Florida and Pennsylvania.

Faruqi & Faruqi, LLP has an impressive track record with an experienced group of lawyers, and has been appointed sole lead or co-lead counsel in numerous class and derivative actions. For example, Faruqi & Faruqi, LLP was sole lead counsel in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998). The case was litigated for over four years through trial, at which a verdict was returned in favor of plaintiff and the class in June, 2004. The *Brickell Partners* case established new law and new standards for determining the fiduciary duties of corporate directors especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.).

### *SIGNIFICANT ACHIEVEMENTS*

Faruqi & Faruqi, LLP has obtained significant recoveries for class members as either sole lead counsel or co-lead counsel in the following representative actions:

- *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members);

- *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders);

- *In re Howmet Int'l S'holder Litig.*, Consolidated C.A. No. 17575 (Del. Ch. 1999) (successfully obtained an increased benefit to class members of $61.5 million dollars);

- *In re Sodexho Marriott S'holders Litig.*, Consolidated C.A. No. 18640 (Del. Ch. 1999) (obtained an increased benefit to class members of $165 million dollars);

- *In re Azurix Corp.*, Consolidated C.A. No. 18463 (Del. Ch. 1999) (obtained an increased benefit to class members of $54 million dollars);

- *In re Fox Entm't Group, Inc., S'holders Litig.*, C.A. No. 1033-N (Del. Ch 2005) (increased merger consideration for public shareholders in "going private" by $450 million dollars);

- *In re Hartford Life, Inc. S'holders Litig.*, Consolidated C.A. No. 17951-NC (Del. Ch. 2000) (obtained an increased benefit to class members of $169 million dollars);

- *Zeid v. Open Env't Corp.*, C.A. No. 96 CV 12466-EFH (D. Mass. 1996) ($9 million dollars recovered on behalf of securities class);

- *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights);

- *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action);

- *In re Think New Ideas, Inc. Secs. Litig.*, Master File No. 98 Civ. 6809 (S.D.N.Y. 1998) (significant monetary recovery on behalf of the class);

- *In re Mitcham Indus, Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998) (recovered $3 million dollars on behalf of class members despite the fact that corporate defendant was on the verge of declaring bankruptcy);

- *Ruskin v. TIG Holdings, Inc.*, C.A. No. 98 Civ. 1068 (S.D.N.Y. 1998) (recovered $3 million dollars on behalf of class members);

- *In re Pennaco Energy, Inc. S'holders Litig.*, Consolidated C.A. No. 18606 NC (Del. Ch. 2001) (significant additional disclosures obtained during hard-fought merger litigation);

- *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Sup. Ct. 2002) (successfully recovered on behalf of a class of consumers 100% of the loss incurred by class members);

- *Altman v. IQ Software Corp.*, C.A. No. 97-CV-3203 (N.D. Ga. 1997) ($550,000 settlement in a securities fraud litigation);

- *In re TD Waterhouse Group Inc. S'holders Litig.*, Consolidated C.A. No. 19166 NC (Del. Ch. 2001) (obtained an increased price and governance changes);

- *In re AMC Entm't Inc. S'holder Litig.*, Consol. C.A. No. 19880-NC (Del. Ch. 2002) (significant disclosures achieved in merger litigation);

- *In re McAfee.com Corp. S'holders Litig.*, Consolidated C.A. No. 19481 NC (Del. Ch. 2002) (increased price obtained in merger litigation);

- *In re Travelocity.com S'holders Litig.*, Consolidated C.A. No. 19419 NC (Del. Ch. 2002) (significant recovery on behalf of class);

2

- *In re Coorstek, Inc. S'holders Litig.*, Consolidated C.A. No. 20014-NC (Del. Ch. 2002) (significant recovery on behalf of class); and

- *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

### *PENDING MERGER AND DERIVATIVE CASES*

Faruqi & Faruqi, LLP represents clients in the currently pending actions and has been appointed as sole lead or co-lead counsel in many of these merger and derivative actions, including:

- *In re Michaels Stores, Inc. Class and Deriv. Litig.*, No. 03-02641 (Tex. Dist. Ct. 125th Jud. Dist);

- *Rauch v. Mays*, No. 2006-CI-17436 (Tex. Dist. Ct. 225 Jud. Dist.);

- *Gerber v. Freescale Semiconductor, Inc.*, No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.);

- *Golombuski v. EGL, Inc.*, No. 2007-00139 (Tex. Dist. 125th Jud. Dist.);

- *In re Station Casino's S'holder Litig.*, No. A-535395 (Nev. Dist. Ct);

- *Lang v. Reader's Digest Ass'n, Inc.*, No. 06-22856 (N.Y. Sup. Ct.);

- *In re Equity Office Props. Trust Transactional Litig.*, No. 24-C-06-010525 (Md. Cir. Ct.);

- *In re Harrah's S'holder Litig.*, No. 2:06-CV-1356 (Nev. Dist. Ct.);

- *Eisenstein v. Harrah's Entm't*, No. A-531963 (Nev. Dist. Ct.);

- *Chait v. Sabre Holdings Corp.*, No. 067-221619-06 (Tex. Dist. Ct. 67th Jud. Dist.);

- *McMullen v. United Surgical Partners Int'l, Inc.*, No. 07-00156 (Tex. Dist. Ct. 134th Jud. Dist.);

- *In re Direct General Inc., Deriv. Litig.*, No. 3:05-0158 (D. Md.);

- *In re Enron Derivative Litig.*, No. 0110-10742 (Or. Cir. Ct.);

- *Simon et al. v. Bechererl*, ("*JP Morgan Derivative* Litigation"), No. 2002-600480 (N.Y. Sup. Ct.);

- *In re Citizens For Consumers v. Abbott Labs., Inc.*, No. 01-CV-12257 (D. Mass.); and

- *In re Advanced Mktg. Servs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.).

## *PENDING COMSUMER AND ANTITRUST CASES*

Faruqi & Faruqi, LLP has been appointed as sole lead or co-lead counsel in the following consumer/antitrust class actions that are currently pending:

- *In re Wireless Tel. 911 Calls Litig.*, No. 03-CV-2597 (N.D. Ill.) (alleging industry noncompliance with FCC);

- *In re Wireless Tel. Srvs. Antitrust Litig.*, No. 02 Civ. 2637 (S.D.N.Y.);

- *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (alleging unfair and deceptive trade practices); and

- *Potter v. Sharper Image Corp.*, No. CGC-03426350 (Cal Sup Ct.) (alleging unfair and deceptive trade practices).

## *THE ATTORNEYS*

These exceptional results obtained in litigation, as well as the cases currently being prosecuted were handled by the experienced lawyers at the firm, as set forth below:

***Nadeem Faruqi*** is Co-Founder and Managing Partner of the Firm.

Mr. Faruqi oversees all aspects of the firm's practice areas. Mr. Faruqi has acted as sole lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*, C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

4

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York. In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm. While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991). Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D. Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

Mr. Faruqi earned his Bachelor of Science Degree from McGill University (1981), his Master of Business from York University (1984) and his law degree from New York Law School (1987) where he graduated *cum laude*. Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law. He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988. He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

***Lubna M. Faruqi*** is Co-Founder of Faruqi & Faruqi, LLP.

Ms. Faruqi is involved in all aspects of the firm's practice. Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.). She helped to

5

establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999). Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada. In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

***Emily C. Komlossy***, a partner in Faruqi & Faruqi, LLP's Hollywood, Florida office, has devoted her entire legal career to the practice of complex class action securities fraud and shareholder litigation. With a wealth of experience in this field, Ms. Komlossy has also provided portfolio monitoring services to institutional and hedge fund clients to enable them to identify and determine an appropriate course of action when potential misconduct affects the client's portfolio holdings.

Ms. Komlossy has represented clients in a number of high profile actions. Recently, she successfully represented the Genesee County Employees' Retirement System in a class action

securities fraud case against Transaction System Architects which claims included very complex accounting principles. This action ultimately resulted in a $24.5 million settlement on behalf of the class.

In addition, a substantial portion of Ms. Komlossy's litigation has been in the shareholder merger litigation area. She has litigated cases for her shareholder clients against companies such as Daniel Industries, Inc., Pennaco Corp. and AMC Entertainment, Inc.

Ms. Komlossy's skills have been noted favorably by the courts. In *Yud v. Saf T Lok*, 98 CV 8507 (S.D. Fla.), a case in which she played a major role, Magistrate Judge Linnea R. Johnson noted "the attorneys have done an outstanding amount of work in a short period of time to bring this class action to resolution in a successful fashion."

Ms. Komlossy earned a B.A. from the State University of New York at Oneonta in 1983 and a J.D. from New York Law School in 1989. She is admitted to practice in New York and Florida and the United States District Courts for the Southern District of New York, Southern District of Florida and Western District of Michigan.

**Shane T. Rowley** became a member of Faruqi & Faruqi, LLP in July 2000.

During his tenure at Faruqi & Faruqi, LLP Mr. Rowley has amassed extensive experience in complex litigation. For example, in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998), Mr. Rowley, as sole class counsel, was instrumental in establishing new law and new standards for determining the fiduciary duties of corporate directors, especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.). The *Brickell Partners* action was litigated vigorously by Mr. Rowley for over four years, including a six week trial, after which the Court returned a verdict in favor of plaintiff. The landmark decision is now reported as *In re Emerging Commc'ns, Inc. S'holders Litig.*, No. 16415, 2006 Del. Ch. LEXIS 25 (Del. Ch. Jan. 9, 2006).

7

Mr. Rowley has recovered hundreds of millions of dollars for shareholders of publicly traded companies. Recently, Mr. Rowley was successful, as co-lead counsel, in *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.), representing the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at the original offer price of $75 per share. Following discovery and extensive injunction motion practice by Mr. Rowley and his co-counsel, the price per share was increased from $75 to $85.50 per share, representing a total benefit to the public shareholders of $388 million.

Also, in *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005), Mr. Rowley, as co-lead counsel, was responsible for creating an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million.

Mr. Rowley graduated from Trinity College, Dublin, Ireland in 1987 with a Bachelor of Common Law (LL.B.) degree and from the Honorable Society of Kings Inns, Dublin in 1989 with a Barrister at Law (B.L.) degree. Mr. Rowley is a citizen of the United States of America and Ireland and is admitted to practice in both countries. From 1991 to June 2000 Mr. Rowley was associated with the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, where he concentrated in securities class actions and shareholder derivative litigation.

***Jacob A. Goldberg*** became a member of Faruqi & Faruqi, LLP in 2006 and has concentrated his legal career in all facets of complex commercial litigation in the federal and state courts.

Prior to joining the firm as a partner, Mr. Goldberg was a partner at Berger & Montague, P.C. and Schiffrin & Barroway, LLP. In 2004, he formed his own firm where he focused on commercial disputes, including theft of trade secrets, theft of business plan and breaches of

8

contract while continuing to litigate cases involving violations of fiduciary duties, consumer protection laws, and the federal securities laws.

Among Mr. Goldberg's most notable cases are *In Re New America High Income Fund Secs. Litig.* (D. Mass 1990) (alleged false and misleading prospectus for junk bond fund; $2.5 million settlement); *Rosenthal v. Dean Witter Reynolds, Inc.*, (Colo. Dist. Ct. 18th Jud. Dist. 1991); *In re IKON Office Solutions Secs. Litig.*, No. 98-04286 (E.D. P.A. 1998) (alleged complex accounting fraud involving manipulation of reserves; $111 million settlement); *In re Creditrust Corp. Secs. Litig.* (D. Md. 2000) (alleged complex accounting fraud, relating to predicting financial results for securitized debt and adequately assessing gains on sales); *In re Scholastic, Inc. Secs. Litig.* (S.D. N.Y 1997) (alleged false financial projections and inadequate reserves; $7 million settlement); *Cohen v. Mirage Resorts, Inc.*, 119 Nev. Adv. Op. No. 1 (Feb. 7, 2003) (Nevada Supreme Court reversed dismissal of shareholder action related to fair value of shares in a freeze out merger); *In re QuadraMed, Inc. Secs. Litig.*, No. 02-04770 (N.D. Cal. 2002) (alleged manipulation of revenue and new management and auditor cover-up; $5.25 million settlement); and *Studer v. Heng Fung Holdings* (D. Colo. 2002) (derivative lawsuit, alleging the stripping of company assets to a related entity; approximately $1.75 million settlement).

Mr. Goldberg graduated from Columbia University (B.A. 1988) and Temple University School of Law (J.D., *cum laude*, 1992) and practices from the Philadelphia area. He is admitted before all courts in the Commonwealth of Pennsylvania and to the United States Supreme Court, the United States Courts of Appeal for the Third and Fourth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Central District of Illinois, and District of Colorado. His admission to the Bar of the State of New York is pending. Mr. Goldberg is a dual citizen of the United States of America and the Republic of Ireland.

9

***Kendall S. Zylstra*** joined Faruqi & Faruqi, LLP as a partner at the beginning of 2008, after many years litigating complex commercial and civil litigation in the complex class action arena.

Mr. Zylstra has spent the last several years focusing on antitrust class actions challenging practices such as unfair trade practices, national price-fixing claims, monopolies, and the delayed-generic entry pharmaceutical cases.

Prior to joining the Firm, Mr. Zylstra represented victims of human radiation experiments from the Cold War Era. He was significantly responsible for litigating two mass actions, which settled for nearly $5 million and played a significant role in winning a reversal of summary judgment in *Bibeau, et al. v. Pacific Northwest Research Foundation, et al.,* 188 F. 3d 1005 (9th Circ. 1999).

For over five years, Mr. Zylstra was the Head of the Antitrust Department at a notable plaintiff's class action litigation firm, and developed a portfolio of antitrust cases, including gasoline dealer-franchises suing large oil companies for unfair trade practices; representing medical device wholesalers and distributors asserting antitrust claims against monopolists; and representing two internet companies in a litigation asserting vertical price fixing claims against a giant retailer and its co-conspirator manufacturers.

Mr. Zylstra graduated from Calvin College in 1987 with a Bachelor of Arts and from Temple University School of Law (J.D. 1991) where he received the *Temple Law Alumni/ae Award* for Moot Court Excellence. Mr. Zylstra was an Assistant District Attorney in Philadelphia, PA between 1991-1996, where he gained extensive trial experience in the prosecution of hundreds of cases primarily involving cases of sexual assault.

***Vahn Alexander*** joined the firm as a partner in October, 2007. Mr. Alexander's practice focuses on shareholder litigation and securities class actions in federal and state court. Mr.

Alexander also litigates consumer fraud cases concerning unfair business practices and false and misleading advertising under California law. After graduating law school, Mr. Alexander joined the California office of a New York law firm which concentrated on securities class action litigation. After gaining extensive experience with that firm for over 10 years, Mr. Alexander left to start his own firm in 2004. Mr. Alexander is a member of the State Bar of California and is admitted to practice in the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals. He is also a member of Consumer Attorneys of California and the American Association for Justice (formerly the Association of Trial Lawyers of America), as well as the American Bar Association and the Los Angeles County Bar Association.

Prior to joining the firm, Mr. Alexander has acted as sole lead or co-lead counsel in numerous cases which include the following: *In re Apria Healthcare Group Sec. Litig.*, Master File No. 797060 (Orange County Super. Ct.) ($42 million settlement obtained for the class); *In re PurchasePro.com, Inc. Sec. Litig.*, Case No. CV-S-01-0483 (D. Nev.) ($24.2 million settlement obtained for the class); *In re Lantronix, Inc. Sec. Litig.*, Case No. CV-02-3899 (C.D. Cal.) ($15.175 million settlement obtained for the class); *In re California Microwave Sec. Litig.*, Master File No. C-95-4009-CW (N.D. Cal.) ($14 million settlement obtained for the class); *In re Cybermedia Sec. Litig.*, Master File No. 98-1811 CBM (Ex) (C.D. Cal.)($10.6 million settlement obtained for the class); *In re Mesa Airlines Sec. Litig.*, Case No. 94-690 JC/WWD (D.N.M.) ($8 million settlement obtained for the class); *In re Brightpoint Sec. Litig.*, Case No. IP 011796 C-T/K (S.D. Ind.) ($5.25 million settlement obtained for the class); *In re Resource America Sec. Litig.*, Master File No. 98-CV-5446 (E.D. Pa.) ($5.425 million settlement obtained for the class); and *In re Sumitomo Bank of California Sec. Litig.*, Master File No. 994002 (S.F. County Super. Ct.) ($4.95 million settlement obtained for the class).

Mr. Alexander graduated from the University of California at Los Angeles (B.A. 1990), with honors, and received his law degree from Loyola Law School, Los Angeles (J.D. 1993), where he was a member of the Scott Moot Court Honor's Board (1993 - Jessup Team).

**_Antonio Vozzolo_** joined Faruqi & Faruqi, LLP in 1999 and became a partner of the firm in January, 2004.

Mr. Vozzolo's practice focuses on representing individuals and institutional investors in complex matters involving federal and state securities laws, and fiduciary duties of corporate officers and directors (or corporate governance matters).

Most recently, Mr. Vozzolo was one of the primary counsel responsible for prosecuting *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001), a case against the officers and directors of PurchasePro.com as well as AOL Time Warner, Inc., America On-Line, Inc., and Time Warner, Inc., which obtained an excellent result for the class, culminating in a $24.2 million settlement.

Mr. Vozzolo graduated, *cum laude*, from Fairleigh Dickinson University in 1992 with a Bachelor of Science (B.Sc.), where he was on the Dean's List, and with a Masters in Business Administration (M.B.A.) in 1995. He is a graduate of Brooklyn Law School (1998). Mr. Vozzolo served as an intern to the Honorable Ira Gammerman of the New York Supreme Court and the New York Stock Exchange while attending law school.

**_Andras Vamos-Goldman_** joined Faruqi & Faruqi, LLP in February 2003 as the firm's Institutional Counsel.

Mr. Vamos-Goldman has moved with ease between the private and public sectors, gaining considerable experience in many aspects of international law, mergers and acquisitions, as well as hands on experience in working with governments and large institutions. He was a diplomat in the Canadian Foreign Service and served in East Africa (1986-88) and Washington

D.C. (1992-96), where as Chief of Staff to the Ambassador he participated in the management of the one billion dollar per day trade relationship between Canada and USA. Mr. Vamos-Goldman also served as the Head of the Political Section of the Canadian Mission to the United Nations (1997-1999), the last time Canada was a member of the United Nations Security Council. From 1996-1997 Mr. Vamos-Goldman was associated with the law firm of Stikeman Elliot in their Central European office in Budapest and worked in connection with the privatization of Central European Industry. From 2000-2002 Mr. Vamos-Goldman was Canada's legal advisor to the United Nations (2000-2002) where he, *inter alia*, worked to create the International Criminal Court as a member of its Bureau, and was the Chairman of the Management Committee for the Sierra Leone Special Court (a sui generus international entity with a $60 million budget).

Mr. Vamos-Goldman graduated from Dalhousie University (B.A. 1979; L.L.B. 1982) and Georgetown University (L.L.M. *cum laude*, 1995). Mr. Vamos-Goldman is a member of the Bar of Ontario, Canada, as well as the New York State Bar.

***Adam Gonnelli*** became associated with Faruqi & Faruqi, LLP, and in January, 2004, became a partner of the firm.

Since joining Faruqi & Faruqi, Mr. Gonnelli has concentrated his practice on transaction litigation and consumer class actions. Representative cases include: *In re NutraQuest, Inc.*, No. 06-202 (D.N.J.) (consumer fraud case against national diet supplement company); *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (consumer case challenging change in "nights and weekends" plan); *Garcia v. Lowe's, Cos., Inc.*, No. 841120 (Cal. Super. Ct.) (case to recover overtime pay for delivery drivers); *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (merger case resulted in a benefit of $388 million); and *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005) (benefit to shareholders of $450 million).

13

Mr. Gonnelli has extensive litigation experience. Prior to joining the firm, he actively participated in such cases as: *Kurzweil v. Philip Morris Cos.*, Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (Section 10(b) action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement.); *McNamara v. Bre-X Minerals, Ltd.*, No. 597 CV 159 (E.D. Tex.) ("Gold fraud of the century." – *Time Magazine*); *Sanders v. Computer Assocs.*, No. 16640-NC (Del. Ch. Ct.) (derivative case resulting in judgment for plaintiff requiring executives to return 9.5 million shares to company); *Romig v. Jefferson-Pilot Life Ins. Co.*, No. 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies); and *Koppell v. New York State Board of Elections*, No. 98 CIV 4920 (S.D.N.Y.) (constitutional action on behalf of former New York State Attorney General challenging state statute governing order of candidates' names on primary ballot).

Mr. Gonnelli received a B.A. from Rutgers University (Newark) in 1989 and a J.D. from Cornell Law School in 1997. At Rutgers University, Mr. Gonnelli lettered in football and fencing and served as Student Government President. Prior to attending law school, Mr. Gonnelli was a Financial Writer at the Federal Reserve Bank of New York, where he wrote educational materials on international trade, monetary policy, and other topics. While attending Cornell Law School, Mr. Gonnelli served as Editor-in-Chief of the Cornell Journal of Law and Public Policy and was a member of the Atlantic Regional Championship moot court team in the Jessup International Law Moot Court Competition (1997).

***David H. Leventhal*** joined Faruqi & Faruqi, LLP in 2003, and in 2006 became a partner in the firm.

At Faruqi & Faruqi, LLP, Mr. Leventhal concentrates in securities, consumer, and antitrust class actions as well as derivative actions. Mr. Leventhal recently has actively and successfully reached settlements requiring companies to make significant and meaningful

14

disclosures to shareholders in connection with going private transactions in actions such as *In re Direct General Corp. Derivative Litig.,* No. 05-0158 (M.D. Tenn.); *In re Vans Derivative Litig.,* No. BC309805 (Cal. Super. Ct.); *Gerber v. Freescale Semiconductor, Inc.,* No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.); *Schuman v. CDW Corp.,* No. 07CH1416 (Ill. Cir. Ct.). Also recently, Mr. Leventhal was responsible for settlements in *Schachter v. Toback,* No. 04 CH 09131 (Ill. Cir. Ct.) (derivative action alleging breach of fiduciary duties by certain officers and directors of the company, settled for modifications to composition of company's management and significant corporate governance reforms); *McCoon v. Wiederhorn,* No. 0407-6900 (Or. Cir. Ct.) (same); *Collet v. Moore,* No. 04CC07844 (Cal. Super. Ct.) (same); and *In re Nutraquest, Inc.,* No. 06-202 (D.N.J.) (alleged misrepresentations made in connection with sale of dietary supplement, settled for $15 million). He is currently actively involved in litigating *In re Digital Music Antitrust Litig.,* MDL No. 1780 (S.D.N.Y.) (case pending against major record companies alleging antitrust violations in connection with the sale of digital music).

Before joining Faruqi & Faruqi, LLP Mr. Leventhal actively participated in such cases as: *In Re Real Estate Assocs. Limited P'ship Litig.,* No. CV-98-7035 (C.D. Cal.) (federal securities class action resulting in $184 million jury verdict); *In re Visa Check/MasterMoney Antitrust Litig.,* No. 96-CV-5238 (E.D.N.Y.) (antitrust class action on behalf of 5 million merchants against Visa and MasterCard resulting in settlement worth in excess of $3 billion); *Romig v. Jefferson-Pilot Life Ins. Co.,* 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies resulting in $55.3 million settlement); *Kurzweil v. Philip Morris Cos.,* Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (federal securities class action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement).

15

Mr. Leventhal graduated from University of Michigan, Ann Arbor (A.B. 1990 with distinction) and from Fordham University School of Law (J.D. 1993). At Fordham, Mr. Leventhal was a member of the Fordham University International Law Journal and was on the Dean's List.

***Beth A. Keller*** joined Faruqi & Faruqi, LLP as an associate in October 2003, after spending several years litigating commercial and civil litigation at a prior firm.

Since joining Faruqi & Faruqi, LLP, Ms. Keller has been actively involved in numerous complex cases in which the firm, as sole or co-lead counsel, achieved substantial corporate governance enhancements and/or financial recoveries for the corporation and its shareholders, including: *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002); *In re Advanced Mktg. Srvs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.); *In re Ligand Pharm. Inc. Deriative. Litig.*, Lead Case No. GIC834255 (Cal. Super. Ct.); and *In re Novastar Fin., Inc. Derivative Litig.*, Lead Case No. 04-CV-212685 (Cir. Ct. Mo. 2004).

Ms. Keller graduated from Hobart & William Smith Colleges in 1999 with a Bachelor of Arts (double major in Political Science and English) and from the State University of New York at Buffalo Law School (J.D. 2002). Ms. Keller participated in the Desmond Moot Court Competition while at law school. She is a member of both the New York and New Jersey Bars and is admitted to practice in the United States District Courts for the Southern, Eastern and Western Districts of New York.

***Stephen E. Connolly*** joined Faruqi & Faruqi, LLP as an associate of the firm in the beginning of 2008.

Mr. Connolly has focused his career as an attorney in the areas of complex commercial litigation, including class action securities fraud and antitrust litigation.

16

Mr. Connolly received his law degree for the Villanova University School of Law (J.D. 2000) and received a Bachelor of Science from Penn State University (1997).

**_Christopher Marlborough_** joined Faruqi & Faruqi, LLP as an associate in January, 2007.

Since joining Faruqi & Faruqi, Mr. Marlborough has actively participated in such cases as: *Brocade Commc'ns Sys., Inc. Derivative Litig.*, No. C05-02233 (N.D. C.A.) (action for damages to company as a result of backdating employee stock options) and *Thomas v. Global Vision Prods., Inc.*, No. RG03-091195 (Cal. Sup. Ct.) (consumer class action for the false and misleading advertising of the Avacor hair care system).

Before joining Faruqi & Faruqi, LLP, Mr. Marlborough was associated with the firm of McCoyd, Parkas and Ronan, LLP, where he concentrated in the areas of estate litigation and trusts.

Mr. Marlborough earned a Bachelor of Arts from the State University of New York at Purchase (*magna cum laude*, 1991) and a J.D. from Brooklyn Law School (*magna cum laude,* 2003). As an undergraduate, Mr. Marlborough was a President's Merit Scholar and on the Dean's List. In law school, he was a member of the Brooklyn Law School Journal of Law and Policy and the Jerome Prince Memorial Evidence Competition, Moot Court Writing Team. He was also an Edward V. Sparer Public Interest Fellow and a Judge Moses M. Weinstein Scholar. He authored "Evolution, Child Abuse and the Constitution" which was published in the spring 2003 edition of the Brooklyn Law School Journal of Law and Policy. Mr. Marlborough is admitted to practice in the courts of New York, New Jersey and Florida, as well as the United States District Courts for the Eastern and Southern Districts of New York and the Southern District of Florida.

**_Jamie Mogil_** joined Faruqi & Faruqi, LLP as an associate in February 2006, and has been involved in litigation encompassing each of the firm's practice areas.

17

Ms. Mogil was a member of the team that successfully prosecuted the following recent cases representing investors in merger and acquisition litigation: *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (increased price merger consideration for shareholders by 15%); *In re Aeroflex, Inc. S'holders Litig.*, No.07-003943 (N.Y. Sup. Ct.) (achieved substantial additional disclosures for investors); *In re First Data Corp. S'holder Litig.*, No. 2007 CV621 (Colo. Dist. Ct.) (achieved substantial additional disclosures for investors), and *McMullen v. United Surgical Partners Int'l*, No. 07-00156 (Tex. Dist. Ct.) (same).

Ms. Mogil is also a member of the legal team prosecuting, among other cases: *In re SFBC Int'l, Inc. Secs. & Derivative Litig.*, No. 06-165 (D.N.J.) (derivative action alleging gross mismanagement and breaches of fiduciary duties in connection with the egregious misconduct by the company and certain of its former or current officers and directors); *Sokol Holdings, Inc. v. BMB Munai,* No. 05 CV2749 (S.D.N.Y.) (action for tortious interference with a contract, specific performance, conversion, unjust enrichment, breach of contract, breach of fiduciary duty and damages arising from the alleged theft of plaintiffs' conceived business plan to purchase and explore oil fields in Kazakhstan); *J and R Mktg., SEP v. General Motors Corp.*, No. 07-1411(6th Cir.) (securities fraud claim brought on behalf of the class pursuant to Sections 11,12(a)(2) and 15 of the Securities Act of 1933 in connection with GMAC's alleged materially false and misleading offering materials issued between July 28, 2003 and November 9, 2005), *Halpern v. Alliance Data Sys. Corp.*, No. 07-04689 (Tex. Dist. Ct., 68th Jud. Dist.) (merger litigation class action on behalf of shareholders challenging the acquisition of the outstanding stock of Alliance Data Systems Corp. by The Blackstone Group), and *Schuman v. CDW Corp.*, No.07CH1416 (Ill. Cir. Ct., 19th Jud. Cir.) (merger litigation class action on behalf of shareholders challenging the proposed buyout of CDW Corp. by Madison Dearborn Partners, LLC).

Before attending law school, Ms. Mogil worked for the non-profit organization, Institute for Policy Studies in Washington, D.C. While in law school, Ms. Mogil was the recipient of the Public Interest Fellowship and on the Executive Board of the New York Law School Moot Court Association. Ms. Mogil competed in three national competitions, winning Second Best Brief and placing as a National Finalist and Semi-Finalist. Ms. Mogil was also the Chair of the Robert F. Wagner National Labor & Employment Law Moot Court Competition. Also while in law school Ms. Mogil worked for the Office of the New State Attorney General in the Investment Protection Bureau, specifically investigating and prosecuting the mutual fund "market-timing" and "late-trading" cases.

Ms. Mogil graduated from The George Washington University in 2000 (B.A., Fine Arts and Art History, *cum laude*) and from New York Law School (J.D., 2005). She is licensed to practice law in New York and admitted to the United States District Courts for the Southern District of New York and the Eastern District of New York as well as the United States Court of Appeals for the Sixth Circuit.

***Richard Schwartz*** joined Faruqi & Faruqi, LLP as an associate in May 2006. Mr. Schwartz has been involved extensively in the firm's merger, derivative and antitrust practice areas. Mr. Schwartz has been a member of the teams prosecuting *In re Michaels Stores, Inc. Class and Derivative Litig.*, *In re Equity Office Properties Trust Transactional Litig.*, *In re Direct General Inc. Derivative Litig.* and *In re Station Casino's S'holder Litig.* Currently, Mr. Schwartz is a member of the team prosecuting *In re Florida East Coast Indus., Inc. S'holder Litig.*, *In re McAfee Derivative Litig.* and *In re Digital Music Antitrust Litig.*

Mr. Schwartz graduated from the University of Washington (B.A.) and the University of Chicago (J.D.). Mr. Schwartz served as a law clerk at the MacArthur Justice Center in Chicago, a summer associate with the Chicago law firm Robinson Curley & Clayton P.C. and an associate

19

with the New York law firm Jaffe & Asher, LLP.    Mr. Schwartz is admitted to practice before the courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

——————————————————— X
In Re VEECO INSTRUMENTS, INC.,     :    05-MD-1695 (CM)
SECURITIES LITIGATION               :
——————————————————— X
THIS DOCUMENT RELATES TO:       :
——————————————————— X
EDWARD J. HUNEKE, derivatively on behalf of :   05-CV-10224 (CM)
VEECO INSTRUMENTS, INC.,            :
                                   :
            Plaintiff(s),       :
                                   :
     vs.                        :
                                   :
EDWARD H. BRAUN, et al.,            :
                                   :
           Defendant(s),     :
——————————————————— X
AUGUST SCHUPP, III, derivatively on behalf of :   05-CV-10225 (CM)
VEECO INSTRUMENTS, INC.,            :
                                   :
            Plaintiff(s),       :
                                   :
     vs.                        :
                                   :
EDWARD H. BRAUN, et al.,            :
                                   :
           Defendant(s),     :
——————————————————— X
DAVID ALTMAN, derivatively on behalf of   :   05-CV-10226 (CM)
VEECO INSTRUMENTS, INC.,            :
                                   :
            Plaintiff(s),       :
                                   :
     vs.                        :
                                   :
EDWARD H. BRAUN, et al.,            :
                                   :
           Defendant(s).     :
——————————————————— x

**DECLARATION OF PAUL J. SCARLATO IN SUPPORT OF
GOLDMAN SCARLATO & KARON, P.C.'S
APPLICATION FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES**

I, Paul J. Scarlato, Esquire, declare as follows:

1.    I am a shareholder of the law firm of Goldman Scarlato & Karon, P.C. (the "Firm"). I submit this Declaration in support of the Firm's application for an award of attorneys' fees in connection with services rendered in the above action and the reimbursement of expenses incurred by the Firm related to the investigation, prosecution and settlement of claims in the course of this litigation from inception through March 14, 2008.

2.    My Firm served as counsel to plaintiff Edward J. Huneke in this litigation. My Firm's compensation for services rendered in this case was wholly contingent on the success of this litigation, and was totally at risk.

3.    Brief biographies of my Firm and the attorneys who have worked on this case are attached hereto as Exhibit "1."

4.    During the period of time from inception through March 14, 2008, my Firm performed primarily the following work on behalf of the plaintiff in connection with the investigation and prosecution of the litigation: drafting and filing the complaint and amended complaints; drafting and serving discovery on defendants and non-parties; review and analysis of thousands of documents produced by defendants in response to plaintiffs' discovery requests; taking of and attendance at depositions; trial preparation, including preparation of final pre-trail order; attendance at mediation; conducting additional settlement negotiations; drafting settlement agreement; and, drafting briefs and declarations in support of settlement approval.

5.     The total number of hours spent on this litigation by my Firm from inception through March 14, 2008 is 1,544 hours.  The total lodestar amount for attorney time, calculated at the Firm's current hourly rates is $688,290.

6.     The schedule attached hereto as Exhibit "2" is a detailed summary indicating the amount of time spent by each attorney of my Firm who was involved in this litigation from inception through March 14, 2008 and the total lodestar amount is calculated on the current rate basis.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my Firm, which are available at the request of the Court.

7.     From inception through March 14, 2008, my Firm has expended a total of $23,356.89 in non-reimbursed expenses in connection with the prosecution of this litigation.  These expenses are broken down as follows:

## EXPENSES

|                                                    | AMOUNT      |
| -------------------------------------------------- | ----------- |
| Assessment Payment(s) to Plaintiffs' Common Fund   | $17,500.00  |
| Internal Reproduction/Copies                       | $585.40     |
| Commercial Copies                                  | $603.51     |
| Computer Research                                  | $212.80     |
| Document Retrieval                                 | $2,640.88   |
| Filing Fees                                        | $85.00      |
| Telephone/Fax/Email                                | $450.91     |
| Postage/Express Delivery/Couriers                  | $137.97     |
| Travel: Train fare, Ground Travel, Meals           | $1,140.42   |

**TOTAL EXPENSES:**                                           **$23,356.89**

    8.    The expenses incurred pertaining to this case are reflected in the books and records of this Firm maintained in the ordinary course of business.  These books and records are prepared from expense vouchers and check records and are an accurate record of expenses incurred.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

    EXECUTED this 14th Day of March, 2008.

Paul J. Scarlato

4

# Exhibit 1

## GOLDMAN SCARLATO & KARON, P.C.

GOLDMAN SCARLATO & KARON, P.C., with offices in Philadelphia, PA, and Cleveland, OH, concentrates its practice in class action litigation in state and federal courts nationwide. The Firm aims to provide efficient, cost effective, and high quality legal representation to its clients.

The Firm was formed in 2005 by Mark S. Goldman, Paul J. Scarlato, and Daniel R. Karon as a spin-off of Weinstein Kitchenoff Scarlato Karon & Goldman Ltd., of which Mr. Goldman and Scarlato were founding members, and Mr. Karon was a name partner. Each of the lawyers at Goldman Scarlato & Karon, P.C., has considerable experience in complex commercial litigation prosecuting shareholder derivative suits and class actions in the areas of securities fraud, antitrust, ERISA, and consumer fraud, principally on behalf of individuals and businesses that have been victimized by the unlawful actions of others. The Firm's attorneys achieved major civil recoveries for their clients. A few examples of the Firm's lawyers' achievements follow.

In securities fraud cases, for example, Firm member Paul Scarlato recently served as co-lead counsel in *In re: Corel Corporation Securities Litigation,* which resulted in a substantial settlement for the class. Mr. Scarlato also was one of the three lead attorneys for the plaintiff class of share-holders in *Kaufman v. Motorola, Inc.,* which settled for $25 million dollars weeks before trial., and was one of the lead plaintiff's counsel in which his prior firm was sole lead counsel, *Seidman v. American Mobile Systems, Inc.,* which resulted in a sizeable settlement for the plaintiff class again on the eve of trail.

The Firm's lawyers have been active participants in numerous price-fixing antitrust class actions. In *In re Vitamins Antitrust Litigation,* Messers. Goldman and Karon represented direct pur-chasers of vitamins, niacin and choline chloride who claimed that they paid prices which were in-

flated by an industry-wide price-fixing and market allocation scheme. Settlements of over $1 billion were obtained for the members of the Class. In *In Re NASDAQ Antitrust Litigation*, Mr. Goldman represented investors in NASDAQ stocks who were harmed by brokerage firms that colluded to fix the bid and ask spread of the securities. The federal court in New York approved settlements totaling $1.1 billion in that case. Also, in *In re Brand Name Prescription Drugs Antitrust Litigation*, Mr. Goldman represented independent pharmacies that were harmed by the major brand name drug manufacturers' differential pricing scheme. Settlements of approximately $700 million were obtained for the class of pharmacists in the case.

Courts have recognized the quality of the Firm's abilities. In one such instance, Mr. Goldman brought and successfully settled an ERISA class action on behalf of insureds against two related major health insurance providers that had inflated the consumers' deductible obligation under their major-medical insurance. Subscribers received substantial premium refunds under the court-approved $1.6 million settlement in *Gilman v. Independence Blue Cross*. In approving the settlement of the case, the federal court in Philadelphia observed, "The class has been well served by highly qualified counsel . . .."

### THE FIRM'S ATTORNEYS

**MARK S. GOLDMAN.**   Since 1986, Mark Goldman has concentrated his practice in complex litigation involving violations of the federal securities and antitrust laws, ERISA, and state consumer protection statutes. Mr. Goldman served as co-lead counsel in a number of class actions brought against life insurance companies, challenging the manner in which premiums are charged during the first year of coverage. In the area of securities litigation, Mr. Goldman recently served as co-lead counsel in *Graf v. Cyber-Care,* a securities fraud class action in the Southern District of Florida, and he is also prosecuting a number of insider trading cases brought against company insiders who, in violation of Section 16(b) of the Securities Exchange Act of 1934, engaged in short swing trading. Mr. Goldman currently serves as co-chair of the expert's committee in *In re Air Cargo Antitrust Litigation,* and also represented direct purchasers of bulk vitamins in a price-fixing and market allocation antitrust action, *In re Vitamin Products Antitrust Litigation,* where he helped coordinate pre-trial discovery conducted by dozens of firms jointly prosecuting the action.

Mr. Goldman earned his undergraduate degree from the Pennsylvania State University in 1981 and his law degree from the University of Kansas School of Law in 1986. He is a member of the Pennsylvania bar.

**PAUL J. SCARLATO.**  Mr. Scarlato has concentrated his practice principally in litigation of securities fraud and shareholder derivative cases, and ERISA class action matters since 1989. He has litigated numerous such cases involving companies in a broad range of industries, and has litigated many cases involving financial and accounting fraud.

3

Mr. Scarlato recently served as one of the principle lawyers for the plaintiffs in a shareholder derivative action pending in Cook County Illinois on behalf of the nominal defendant, The Boeing Company. In securities fraud cases, Mr. Scarlato was one of three lead attorneys for the class in *Kaufman v. Motorola, Inc.,* which settled weeks before trial, and along with Mr. Weinstein of his predecessor firm, was lead counsel, *Seidman v. American Mobile Systems, Inc.,* which resulted in a settlement for the plaintiff class again on the eve of trail. Mr. Scarlato recently served as co-lead counsel in *In re: Corel Corporation Securities Litigation.*

Mr. Scarlato graduated from Moravian College in 1983, and received his Juris Doctor degree from the Delaware Law School of Widener University in 1986. Mr. Scarlato served as law clerk to the Honorable Nelson Diaz, of the Court of Common Pleas of Philadelphia County, and thereafter as law clerk to the Honorable James T. McDermott, Justice of the Pennsylvania Supreme Court. Mr. Scarlato then became a member of the tax department of a major "Big Six" accounting firm where he provided a broad range of services to large business clients in a variety of industries.

Mr. Scarlato is a member of the bars of the Commonwealth of Pennsylvania and the State of New Jersey, and those of various federal district and circuit courts.

**DANIEL R. KARON.** Mr. Karon began his class action career with a large Chicago law firm, and is now resident partner in Goldman Scarlato & Karon, P.C.'s Cleveland office. Mr. Karon represents individuals and corporations in domestic and international antitrust class action matters, consumer fraud and ERISA class actions.

Along with Mr. Goldman, Mr. Karon participated actively in the *In re Vitamins Direct Purchaser Antitrust Litigation*, a nationwide price fixing class action that resolved for $1.75 billion; the *In re NASDAQ Market-Makers Antitrust Litigation,* a nationwide price fixing class action that settled for $1.027 billion; the *In re Monosodium Glutamate Antitrust Litigation*

4

a nationwide price fixing class action that settled for $130 million; the *In re Methionine Antitrust Litigation*, a nationwide price fixing class action that settled for $101 million; and the *In re Sorbates Direct Purchaser Antitrust Litigation*, another nationwide price fixing class action that settled for $70 million. He recently served as co-lead counsel in *Pearman v. Crompton Corp.*, No. 9192 (Tenn. Cir. Ct. Claiborne Cty. June 21, 2005) ($4,250,000 settlement relating to price-fixed EPDM); *Pearman v. Crompton Corp.*, No. 9191 (Tenn. Cir. Ct. Claiborne Cty. Mar. 3, 2006) ($2,117,000 settlement relating to price-fixed NBR); *Pearman v. Crompton Corp.*, No. 9214 (Tenn. Cir. Ct. Claiborne Cty. Mar. 3, 2006) ($1,400,000 settlement relating to price-fixed neoprene); and *D.R. Ward Constr. Co. v. Rohm & Haas Co.,* MDL 1684 (E.D. Pa. 2004) (concerning price-fixed plastic additives).

Mr. Karon currently serves as discovery co-chair in the *In re Bulk Graphite Antitrust Litigation,* class certification co-chair in the *In re Pressure Sensitive Labelstock Antitrust Litigation,* and briefing co-chair in the *In re EPDM Antitrust Litigation* and *In re Carbon Black Antitrust Litigation,* and as co-lead counsel in a number of indirect purchaser price-fixing cases.

Mr. Karon is a member of Loyola University-Chicago's Institute for Consumer Antitrust Studies' U.S. Advisory Board and of the Ohio Academy of Trial Lawyers' *Ohio Trial* magazine editorial board. He is also active in the American Bar Association's Antitrust Law Section and serves as co-chair for the ABA's Litigation Section, Class Action and Derivatives Suits Committee's Antitrust Subcommittee.

Mr. Karon earned his B.A. from Indiana University and his law degree from The Ohio State Moritz University College of Law, where he was a member of the Ohio State Journal of Dispute Resolution. He has published numerous law review and bar journal articles on class action litigation and other topics, and he lectures nationally on class action matters. He is a

member of the Ohio and Illinois bars, and is admitted to practice before the U.S. Court of Appeals for the Seventh Circuit, the U.S. District Court for the Northern District of Ohio, and the U.S. District Court for the Northern District of Illinois.

**THEODOR A. SWANSEN.**  Since his admission to the bar in 1999, Mr. Swansen has concentrated his practice in the field of litigation, including products liability, premises liability and class action litigation. As an associate with the Firm, Mr. Swansen has participated in class action cases alleging securities and consumer fraud claims. Mr. Swansen is a member of the bars of Pennsylvania and New Jersey and is admitted to practice before the United States District Court for the District of New Jersey.

Mr. Swansen received his Bachelor of Business Administration *summa cum laude* and his Masters of Business Administration from Temple University in 1992 and 1996, respectively. Mr. Swansen received his Juris Doctor degree from Temple University's James E. Beasley School of Law in 1999.

**BRIAN D. PENNY**.  Mr. Penny received his Bachelor of Arts degree from Davidson College, Davidson, North Carolina, in 1997 and earned his Juris Doctor degree from the Dickinson School of Law of the Pennsylvania State University in 2000. After graduating from law school, Mr. Penny served as law clerk to the Honorable John T.J. Kelly, Jr., Senior Judge of the Superior Court of Pennsylvania. Since joining the Firm, Mr. Penny has focused his practice on complex and class action litigation principally in the area of securities fraud.

Mr. Penny was a key member of the plaintiffs' team that prosecuted the *Broadcom Securities Litigation*, which resulted in a settlement of $150 million. Mr. Penny was also a key member of the plaintiffs' team that prosecuted the *AOL Time Warner Securities Litigation*, which resulted in a settlement of over $2.5 billion for investors.

LAURA S. KILLIAN.  Laura Killian joined the Firm as an associate in 2005. Ms. Killian graduated from the Dickinson School of Law of the Pennsylvania State University in 2000. She received her Bachelor's Degree from Pennsylvania State University. Ms. Killian is admitted to practice in Pennsylvania and the United States District Court for the Eastern District of Pennsylvania. Since joining the Firm, she has concentrated her practice on complex and class action litigation principally in the area of securities fraud, and was recently a member of the trial team in the *JDS Uniphase Corporation Securities Litigation* trial.

SHERIF K. MOUSSA.  Mr. Moussa joined the firm as an associate in 2006. He graduated from Fordham University in 1996 and received his Juris Doctor and a Master's Degree from Duke University in 1999. While attending Duke he was awarded the J. Paul Coie Fellowship Endowment for the Class of 1999 and was Staff Editor of the *Duke Journal of Comparative & International Law*. He is admitted to practice in New York and Connecticut.

Mr. Moussa is a member of the team prosecuting a securities fraud class action against America International Group.

CARLY J. RITTENHOUSE.    Ms. Rittenhouse joined the firm as an associate in 2006. She graduated cum laude from Florida State University in 1999 with a Bachelor of Science and received her Juris Doctor form Villanova University School of Law in 2003. She was a law clerk for the Honorable Richard J. Hodgson in the Pennsylvania Court of Common Pleas.

# Exhibit 2

## In re Veeco Instruments, Inc. Securities Litigation

### Goldman Scarlato & Karon, P.C.

### Time Report

| Attorney/Paralegal | Current Rate | Total Hours | Total Lodestar |
|---|---|---|---|
| Mark S. Goldman (P) | $525 | 55.40 | $ 29,085.00 |
| Brian D. Penny (A) | $375 | 741.70 | $ 278,137.50 |
| Carly J. Rittenhouse (A) | $325 | 19.80 | $ 6,435.00 |
| Paul J. Scarlato (P) | $525 | 693.00 | $ 363,825.00 |
| Theodor A. Swansen (A) | $375 | 25.30 | $ 9,487.50 |
| James J. Rapone (PL) | $150 | 8.80 | $ 1,320.00 |
| | | | |
| **Total** | | **1544.00** | **$ 688,290.00** |

Status:
(P)   Partner
(A)   Associate
(PL) Paralegal