UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE VEECO INSTRUMENTS INC.                         :     No. 7:05-MD-01695-CM-GAY
SECURITIES LITIGATION                                :
                                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:                            :
                                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EDWARD J. HUNEKE, derivatively on behalf             :
of VEECO INSTRUMENTS, INC.,                          :
                                                     :     No. 7:05-CV-10224-CM
            Plaintiff,                               :
      v.                                             :
                                                     :
EDWARD H. BRAUN, et al.,                             :
                                                     :
            Defendants.                              x

- - - - - - - - - - - - - - - - - - - - - - - - - -

AUGUST SCHUPP, III, derivatively on behalf           :
of VEECO INSTRUMENTS, INC.,                          :
                                                     :     No. 7:05-CV-10225-CM
            Plaintiff,                               :
      v.                                             :
                                                     :
EDWARD H. BRAUN, et al.,                             :
                                                     :
            Defendants.                              x

- - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ALTMAN, derivatively on behalf                 :
of VEECO INSTRUMENTS, INC.,                          :
                                                     :     No. 7:05-CV-10226-CM
            Plaintiff,                               :
      v.                                             :
                                                     :
EDWARD H. BRAUN, et al.,                             :
                                                     :
            Defendants.                              :
                                                     x

- - - - - - - - - - - - - - - - - - - - - - - - - -

## DECLARATION OF ROBERT I. HARWOOD ON BEHALF OF HARWOOD FEFFER LLP IN SUPPORT OF JOINT APPLICATION FOR ATTORNEYS' FEES AND DISBURSEMENTS

I, Robert I. Harwood, declare under penalty of perjury, as follows:

1.      I am a member of the law firm of Harwood Feffer LLP, co-lead counsel for plaintiffs in this consolidated action.  I submit this affidavit in support of plaintiffs' application for an award of attorneys' fees and reimbursement of expenses incurred in the course of this litigation.

2.      My firm, as counsel to plaintiff August Schupp, III, commenced this derivative action on behalf of the nominal defendant, Veeco Instruments, Inc. against certain of its officers and directors for, among other things, failing to remedy or disclose the company's deficient internal accounting controls, failing to prevent the company from issuing false and misleading information and its stockholders and the public and failing to remedy or prevent violations of the federal export laws.

3.      The schedule attached hereto as Exhibit A is a detailed summary of the amount of time spent by professionals of this firm on the litigation, at current rates.  These hourly rates are the rates charged in all matters.  The schedule includes the name of each attorney and paralegal who worked on the case, their hourly billing rates and the number of hours expended on this matter.  The schedule was prepared from contemporaneous daily time records maintained by my firm.

4.      As co-lead counsel, my firm was involved in all phases of this litigation including:

   a.      preparation of initial complaint which entailed factual and legal investigation of plaintiffs' derivative claims, which included, among other things, a review of public filings, news articles, analyst reports, and pleadings in various litigations brought against the Company and its officers and directors;

   b.      review and analysis of defendants' motions to dismiss; work on briefs in opposition to defendants' motions to dismiss, including legal research;

   c.      participation in discovery strategy conferences; draft document requests; review and analyze documents produced by defendants; research and draft motion to compel and supporting memorandum; appear for oral argument on motion to compel; prepare witness list and third-party deponent identification; prepare notices of deposition and deposition scheduling; prepare for and conduct depositions; draft motion to extend discovery and

supporting memorandum; prepare requests for admissions; prepare for and attend oral argument on motion to extend discovery; prepare plaintiffs' responses to defendants' interrogatories;

d.    preparation for mediation, including consultation with corporate governance expert; draft mediation statement; and participation in mediation sessions;

e.    research re options claims; draft amended complaint; draft motion for leave to amend complaint and supporting memorandum; review defendants' opposition papers and prepare reply brief;

f.    involvement in all phases of the settlement process, including drafting and reviewing corporate governance measures, memorandum of understanding, Stipulation of Settlement, Notice of Pendency, Summary Notice, and related documents, including supporting memoranda; and

g.    respond to shareholder inquiries at every phase of litigation.

5.    With respect to the standing of counsel in this action, attached hereto as Exhibit B is a brief biography of my firm and the firm's attorneys who worked on this litigation.

6.    As shown by Exhibit A, the total number of hours spent on this litigation by my firm was 1,608.3 hours. The total lodestar amount is $740,322.50.

7.    My firm expended a total of $40,562.96 in unreimbursed expenses in connection with the prosecution of this litigation, detailed as follows:

| Expense | Amount |
|---|---|
| Court Filing Fees | $    250.00 |
| Document Retrieval | $    19.51 |
| Lexis/Westlaw | $16,319.60 |
| Litigation Fund | $17,500.00 |
| Local Transportation | $    63.06 |
| Messenger/Federal Express | $ 1,186.14 |

2

| | | |
|---|---|---|
| PACER | $ | 412.12 |
| Photocopies | $ | 25.00 |
| Postage | $ | 5.44 |
| Process Server | $ | 390.00 |
| Telephone/Telecopier | $ | 321.24 |
| Travel/Meals | $ | 4,040.85 |
| United Lawyers | $ | 30.00 |
| Total | | $40,562.96 |

8.    The expenses incurred in the prosecution of this case are reflected on the books and records of this firm.  These books and records are prepared from expense vouchers and check records and are accurate regarding all the expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Dated this 21ST day of March, 2008 at New York, New York.

ROBERT I. HARWOOD

3

**HARWOOD FEFFER LLP**

**Summary Of Time**

| Name | Total Hours | Rate | Lodestar |
|---|---|---|---|
| Robert I. Harwood (P) | 245.90 | $700 | $172,130.00 |
| Daniella Quitt (P) | 40.00 | $600 | $ 24,000.00 |
| Samuel K. Rosen (P) | 33.30 | $600 | $ 19,980.00 |
| James G. Flynn (P) | 2.20 | $600 | $ 1,320.00 |
| Jeffrey M. Norton (P) | 4.50 | $550 | $ 2,475.00 |
| Joshua D. Glatter (A) | 36.40 | $425 | $ 15,470.00 |
| Peter W. Overs (A) | 2.90 | $450 | $ 1,305.00 |
| Jennifer Hirsh (A) | 1,050.00 | $425 | $446,250.00 |
| Roy Shimon (A) | 1.50 | $375 | $ 562.50 |
| Tanya Korkhov (A) | 54.50 | $375 | $ 20,437.50 |
| Glenn C. Mariano (PL) | 78.80 | $275 | $ 21,670.00 |
| Craig C. Lowther (PL) | 25.50 | $275 | $ 7,012.50 |
| Virgilio Soler (PL) | 25.80 | $250 | $ 6,450.00 |
| Taras A. Sawchuk (LC) | 7.00 | $180 | $ 1,260.00 |
| **TOTAL:** | 1,608.30 | | $740,322.50 |

**EXHIBIT A**

## HARWOOD FEFFER LLP
## FIRM DESCRIPTION

The law firm of Harwood Feffer LLP ("Harwood Feffer" or the "Firm") specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder derivative and ERISA litigation. The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving consumer fraud, anti-competitive conduct, and other commercial claims.

Harwood Feffer is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence. The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation -- among both the plaintiffs' and defense bars. Our adversaries and co-counsel know that we take a case to trial, if necessary, to achieve a satisfactory result for our clients.

Harwood Feffer has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' shareholder advocacy bar. In this regard, we have developed new law in the areas of tender offers, fiduciary duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders and institutional investors in public companies.

As a result, the Firm has been designated as lead, co-lead or special counsel in numerous complex cases and other actions involving shareholder rights and corporate governance. In the vast majority of such actions, the Firm's skill and expertise has led to the recovery of

**EXHIBIT B**

partnerships. By way of example, the following litigated actions, in which the Firm served in a leadership capacity, were all brought to highly successful conclusions: 1) <u>In re First Capital Holdings Corporation Financial Products Securities Litigation</u>, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) <u>In re Royal Dutch/Shell Transport ERISA Litigation</u>, (D.N.J.) (creation of settlement fund of $90 million plus implementation of structural relief); 3) <u>In re Prudential Bache Energy Income Partnerships Securities Litigation</u>, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 5) <u>Morse v. McWhorter</u>, (M.D. Tenn.)(creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.); 6) <u>In re BankOne Securities Litigation</u>, (N.D. Ill.) (creation of a $45 million settlement fund); and 7) <u>Sidney Morse, et al. v. Abbott Laboratories, et al.</u>, (N.D. Ill.) (creation of a $14.1 million settlement fund following a jury verdict for plaintiffs).

Courts have often recognized the Firm's skill in class actions. For example, in <u>In re Electro-Catheter Securities Litigation</u>, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation that I participated in, which was perhaps the major part of the Court litigation here, always well prepared, well spoken, and knew their stuff and they are a credit to their profession. They are the top of the line.

## THE ATTORNEYS OF THE FIRM

**Robert I. Harwood**, senior partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities, class, derivative, and ERISA actions. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Commenting on Mr. Harwood's abilities, in In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.), Judge Bissell stated:

> the Court knows the attorneys in the firms involved in this matter and they are highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery . . . . So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Likewise, Judge Hurley stated in connection with In re Olsten Corporation Securities Litigation, 97 CV-5056 (E.D.N.Y. Aug. 31, 2001), wherein a settlement fund of $24.1 million was created: "The quality of representation here I think has been excellent." Mr. Harwood was lead attorney in Meritt v. Eckerd, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where then Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars." Mr. Harwood prosecuted the Hoeniger v. Aylsworth class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of The Wall Street Journal ("Prospector Fund Finds Golden Touch in Class Action

3

Suit" p. 18, col. 1). Mr. Harwood served as co-lead counsel in In Re Interco Incorporated Shareholders Litigation, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an extensive record that establishes it was very hard fought. There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits."

Mr. Harwood recently served as lead counsel in Morse v. McWhorter, (Columbia/HCA Healthcare Securities Litigation) (M.D. Tenn.), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as In re Bank One Securities Litigation, (N.D. Ill.), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in In re Safety-Kleen Corp. Stockholders Litigation, (D.S.C.), which resulted in a settlement fund of $44.5 million; In re Laidlaw Stockholders Litigation, (D.S.C.), which resulted in a settlement fund of $24 million; In re JWP Inc. Securities Litigation, (S.D.N.Y.), which resulted in a $37 million settlement fund; In re Oxford Health Plans, Inc. Derivative Litigation, (S.D.N.Y.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and In re UNUMProvident Corp. Securities Litigation, (D. Me.), which resulted in the creation of settlement fund of $45 million.

**Joel C. Feffer**, one of the senior members of the firm, was the partner supervising the litigation of In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.), which created a settlement benefit in excess of $20 million, and Edge Partners, L.P. v. Dockser, et al., (D. Md.), which created a settlement benefit in excess of $11 million. In addition, Mr. Feffer was in charge of Dornberger v. Metropolitan Life Insurance Company in the Southern District of New York, which

created a settlement benefit of more than $20 million; the successful prosecution of the <u>Regeneron</u>

<u>Pharmaceuticals, Inc. Securities Litigation</u> in the Southern District of New York, which created a

settlement fund in excess of $4 million; and <u>Croyden Assoc. v. Tesoro Petroleum Corp., et al.,</u> (Del.

Ch.), which created a settlement benefit of $19.2 million on behalf of holders of preferred stock of

Tesoro Petroleum Corp.

Mr. Feffer graduated from Georgetown University Law Center in 1967 and

specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York

State and American Bar Associations.

**Daniella Quitt**, a member of the Firm, graduated from Fordham University School

of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United

States District Courts for the Southern and Eastern Districts of New York and the United States

Court of Appeals for the Second and Fifth Circuits.

Ms. Quitt has played a significant role in numerous actions in which Harwood Feffer

served as lead or co-lead counsel, wherein substantial benefits were conferred upon plaintiff

shareholders, such as <u>In re Safety-Kleen Corp. Stockholders Litigation,</u> (D.S.C.) ( settlement

fund of $44.5 million); <u>In re Laidlaw Stockholders Litigation,</u> (D.S.C.) (settlement fund of $24

million; <u>In re UNUMProvident Corp. Securities Litigation,</u> (D. Me.) (settlement fund of $45

million); <u>In re Harnischfeger Industries</u> (E.D. Wisc.) (settlement fund of $10.1 million); <u>In re Oxford</u>

<u>Health Plans, Inc. Derivative Litigation,</u> (S.D.N.Y.) (settlement benefit of $13.7 million and

corporate therapeutics); <u>In re JWP Inc. Securities Litigation,</u> (S.D.N.Y.) (settlement fund of $37

million; <u>In re Home Shopping Network, Inc., Derivative Litigation,</u> (S.D. Fla.) (settlement benefit

in excess of $20 million); <u>In re Rexel Shareholder Litigation,</u> (Sup. Ct. N.Y. County) (settlement

5

benefit in excess of $38 million); and <u>Croyden Assoc. v. Tesoro Petroleum Corp., et al.</u>, (Del. Ch.) (settlement benefit of $19.2 million).

Recently, in connection with the settlement of <u>Alessi v. Beracha</u>, (Del. Ch.), a class action brought on behalf of the former minority shareholders of Earthgrains, Chancellor Chandler commented: "I give credit where credit is due, Ms. Quitt. You did a good job and got a good result, and you should be proud of it."

Prior to joining Harwood Feffer in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her affiliation with Harwood Feffer, Ms. Quitt has focused her practice on shareholder rights but continues to handle general commercial and consumer litigation.

**Matthew M. Houston**, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Since his affiliation with Harwood Feffer in 1992, Mr. Houston has concentrated his practice exclusively in the field of shareholder rights.

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: <u>Pace American Shareholder Litigation</u>, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); <u>In re Bay Financial Securities Litigation</u>, Master File No. 89-2377-DPW, (J. Woodlock) ( D. Mass.) (settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); <u>Crandon Capital Partners v. Sanford M. Kimmel</u>, C.A. No. 14998 (J. Chandler) (Del. Ch. 1996)

(settlement of an action on behalf of shareholders of Transnational Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger); Goldsmith v. Technology Solutions Company, 92 C 4374 (J. Manning) (N.D. Ill. 1992) (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition).

**Samuel K. Rosen**, a member of the Firm, graduated Princeton University in 1965 and cum laude from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern.

In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). Mr. Rosen played a key role in the successful prosecution of Morse v. McWhorter, (M.D. Tenn.) (creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.) and In re Olsten Corporation Securities Litigation, (E.D.N.Y.) (creation of a settlement fund of $24.1 million).

**James G. Flynn**, a member of the Firm, graduated cum laude from Fordham College in 1980 and cum laude from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Second and the Fifth Circuits.

Mr. Flynn has played a principal role in numerous class, derivative, and consumer actions wherein substantial benefits were conferred upon investors and consumers, such as In re Executive Telecard, Ltd. Securities Litigation, 94 Civ. 7846 (CLB) (S.D.N.Y.) (settlement benefit in cash and options of over $4 million in Federal securities action); In re Verizon Three Way Calling

7

Litigation, No. 603484-01 (Sup. Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); In re Graham-Field Health Products, Inc. Securities Litigation, No. 98-CV-1923 (DRH) (E.D.N.Y.) ($5,650,000 settlement of Federal securities class action); and Geer v. Cox, et al., Case No. 01-2583-JAR (D. Kan.) (derivative settlement of $2.5 million in class and derivative action).

Prior to joining Harwood Feffer, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions. Since his affiliation with Harwood Feffer in 1994, Mr. Flynn has focused his practice in the field of shareholder and consumer rights but continues to handle general and complex commercial litigation as well.

**Jeffrey M. Norton**, a member of the Firm, graduated with honors from Arizona State University in 1992 where he also earned a Junior Fellowship position within the Political Science Department. Mr. Norton graduated cum laude from Pace University School of Law in 1997 where he received a Dean's Grant as well as a Public Interest Law Scholarship for his work with the Center for Constitutional Rights in New York City and Pace University's Social Justice Center.

Mr. Norton has played a key role in numerous securities and ERISA actions in which substantial benefits were conferred upon class members, including In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of a settlement fund of $90 million plus implementation of structural relief). Prior to joining Harwood Feffer, Mr. Norton represented both plaintiffs and defendants in a wide range of commercial and civil litigation matters, including civil rights, voting rights, mass tort and complex class action litigation, and professional liability litigation. He drafted supplement to Paul D. Rheingold, MASS TORT LITIGATION (1996) and assisted in litigating the seminal voting rights case of Goosby v. Town Board of the Town of Hempstead, 981 F. Supp. 751

8

(E.D.N.Y. 1997), aff, 180 F.3d 476 (2d. Cir. 1999), cert. denied, 528 U.S. 1138 (2000). Mr. Norton is admitted in the State Courts of New York and Connecticut as well as the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Michigan, and the United States Court of Appeals for the Fourth Circuit.

**Peter W. Overs, Jr.**, an associate of the firm, was admitted to the New York Bar in 1994 and the U.S. District Court, Southern and Eastern Districts of New York in 1995. He is a graduate of St. Johns University (J.D., 1993) and New York University (B.A., magna cum laude, departmental honors in Philosophy, 1990). Mr. Overs authored "*U.S. v. Fagg*: Stretching the Bounds of Privacy," 66 St. Johns L. Rev. 1193 (1993). He is a member of the Association of the Bar, City of New York. Upon graduation from law school, Mr. Overs served as law clerk to the Honorable Paul J. Kelly, Jr., Circuit Judge, Unites States Court of Appeals for the Tenth Judicial Circuit. Prior to becoming an associate of the Firm, Mr. Overs represented both plaintiffs and defendants in antitrust and securities class actions, complex commercial litigation and federal appeals.

**Jennifer K. Hirsh**, an associate at the Firm, graduated from Brown University with a Bachelor of Arts in History. She received her J.D. from the Benjamin N. Cardozo School of Law in 2001, where she was the Senior Articles Editor of the Journal of International and Comparative Law. Ms. Hirsh is a member of the Bar of the State of New York. Prior to joining the Firm, Ms. Hirsh represented plaintiffs in a variety of complex commercial, securities, class action, and shareholder litigation, including as senior member of the trial team in In re Walt Disney Deriviative Litig.

**Tanya Korkhov**, an associate of the firm, was admitted to the bar in 2006. Ms. Korkhov graduated from New York University with a Bachelor of Arts in English and American

9

Literature. She received her J.D. from the Benjamin N. Cardozo School of Law in 2005, where as a member of the Securities Arbitration Clinic, she represented clients in securities-related matters. Ms. Korkhov represented Cardozo on a four-member team in the 2005 and 2004 annual *Willem C. Vis International Commercial Arbitration Moot Competition* held in Vienna, Austria.

**Roy Shimon**, an associate of the Firm, was admitted to the Bar of the State of New York in 2007. Mr. Shimon graduated with honors from Franklin & Marshall College in 2003 with a Bachelor of Arts in Government and Sociology, where he was inducted into the Pi Sigma Alpha and Alpha Kappa Delta National Honor Societies. He received his J.D. from St. John's University in 2006, where he served on the Board of the Moot Court Honor Society, and as Vice President of the Entertainment & Sports Law Society. Prior to becoming an associate of the Firm, Mr. Shimon served as judicial intern to New York Supreme Court Justice Ronald D. Hollie, and to New York State Supreme Court Justice/Associate Justice Appellate Term Jaime A. Rios.